HELEN AGNES KEANE, Respondent, *v.* HUGH L. KEANE and Others, Appellants.

*Settlement of an action — attorney's lien for costs — unassignable cause of action — what costs are included.*

An action was brought by a wife against her husband to set aside certain deeds of real property, on the ground that she had been induced to release her inchoate right of dower therein by false and fraudulent representations. Subsequently a settlement was made between the wife and her husband, in good faith, without notice of any lien for his compensation claimed by the attorney for the wife.

*Held,* that such settlement would be recognized and made effectual, upon such terms, however, as were just to the attorney for the wife, and that an order should be granted discontinuing the action upon the payment to the plaintiff's attorney of the taxable costs of the action.

The lien given to an attorney by section 66 of the Code of Civil Procedure is presumptively measured by the amount of the taxable costs, and where more is claimed such claim must be protected by notice.

A settlement between the parties and a release of a cause of action in its nature not assignable is a bar to an action thereon, although the plaintiff and his attorney have made an agreement under which the latter became entitled to a share of the recovery.

*Semble,* that a lien cannot attach to a cause of action which, in its nature, is not assignable.

APPEAL by the defendants, Hugh L. Keane and others, from an order of the Supreme Court, granted at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of December, 1894, denying the defendants' motion to discontinue the action.

*Frank W. Miller,* for the appellants.

*Myron H. Oppenheim* and *J. H. Cohn,* for the respondent.

O'BRIEN, J.:

The plaintiff commenced two actions against her husband, the defendant, one in the Superior Court for a separation, and the other in this court to set aside deeds to property on the ground that she had been induced to release her inchoate right of dower by false and fraudulent representations. Subsequently, the wife and husband, having resumed marital relations and settled their differences, exe-

cuted stipulations for the discontinuance of both actions, without costs to either. Upon the application by the defendant to plaintiff's attorney for a consent to discontinue both actions it was refused, and thereupon defendant made the motions, one in the Superior Court and one in this, the former of which was granted, and the latter in the case in this court was refused, with leave to plaintiff's attorney to prosecute the action for his own use and benefit, upon the claim by the attorney that by agreement with his client he was entitled to one-half the recovery. From this latter order this appeal is taken.

It is true that in answer to the application plaintiff's attorney stated that the settlement was collusive, but outside of such statement there is nothing in the papers to show, nor does it appear, that the settlement was any other than one made in good faith and with a view to reconcile the differences between man and wife. And it would be indeed extraordinary if, under those circumstances, this court should interfere and prevent such settlement and permit an attorney, for his own benefit, to proceed with the litigation, thus compelling the husband and wife, against their consent, to remain as litigants in the court, not alone for the purpose of costs, but also to enable the attorney to get his compensation, which was contingent upon his success in the action. Where a settlement has been made collusively between parties for the purpose of cheating an attorney out of his costs or compensation, and particularly after notice of his lien upon the cause of action to the adverse party, the courts have gone far in protecting the attorney, even to the extent of denying the discontinuance of the action to enable him to obtain his rights. But we have been referred to no case, nor do we think it has been held by any court, where, as here, a settlement has been made in good faith between husband and wife, and where it has been entered into without notice of any lien claimed, that such settlement will not be recognized and effectuated — upon such terms, however, as to the attorney are just. The order such as was here made seems to us, therefore, to be against sound principle, established practice and public policy.

It is claimed, however, that support for the order is to be found in the language of section 66 of the Code of Civil Procedure. That provides that the attorney " has a lien upon his client's cause of action or counterclaim * * * and cannot be affected by any set-

tlement between the parties before or after judgment." The lien thus given is presumptively measured by the amount of taxable costs, and where more is claimed, we think it must be protected by notice. It is not claimed that any notice was given by plaintiff's attorney of any lien upon the cause of action; and as we have already said, there is no evidence of any collusion or attempt to defraud the plaintiff's attorney, and we think, under these circumstances, that upon the payment of the taxable costs the defendants should have been granted a discontinuance. And that this was the proper order to have been made in this case we think further appears from the character of the action itself. It was a cause of action which in its nature was not assignable, and, therefore, under the authority of *Coughlin* v. *N. Y. C. R. R. Co.* (71 N. Y. 443), not susceptible of a lien. That case is authority for the proposition that a settlement between the parties, and a release of a cause of action in its nature not assignable, is a bar to an action thereon, though plaintiff and his attorney had made an agreement giving the latter a share of the recovery. While, therefore, if section 66 of the Code is to be construed as extending the lien not only for costs, but also for compensation, even though no notice has been given, this does not change the rule of law laid down in the case cited, that a lien cannot attach to a cause of action like this, which in its nature is not assignable.

We think the order should be reversed, with ten dollars costs and disbursements of this appeal, and that the order for a discontinuance should be granted on condition of the payment of the taxable costs in the action to the date when the motion was made for discontinuance.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for the discontinuance granted on payment of taxable costs in the action to the date of the motion for discontinuance.