### NAUMER v. GRAY.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. DIVORCE—RIGHT OF ATTORNEY TO COMPENSATION.
    Plaintiff sued for services as attorney for defendant's wife in prosecuting an action for separation. The wife voluntarily returned to defendant, but there was no formal discontinuance of the action for separation. *Held,* that a motion to dismiss plaintiff's complaint on the ground that the action for divorce was still pending was properly overruled, as the return of the wife effectually put an end to the action for separation.

2. SAME—ALLOWANCE OF ATTORNEY'S FEES.
    An order fixing the compensation for services rendered as attorney for the wife in an action for separation cannot control the amount of the recovery in a subsequent action by such attorney against the husband for compensation for said services, where such order has never been entered, and the attorney has never received any benefit from it.

Appeal from trial term, Kings county.
Action by John Naumer against Pendleton B. Gray. There was a judgment for plaintiff, and defendant appeals. Affirmed.
Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Carlos C. Alden, for appellant.
Robert H. Roy, for respondent.

WOODWARD, J. On a former appeal this court held that the action could be maintained; that an action for separation, if brought in good faith, upon grounds sufficient to warrant such an action, was to be construed as a suit for the protection and support of the wife; and that the husband, under such circumstances, was liable for the fees and compensation of an attorney employed by the wife for the purpose of prosecuting the action. The action has since been tried upon the theory indicated by this court (Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222), resulting in a judgment for the plain-

tiff of $100. The appellant urges that the motion to dismiss the plaintiff's complaint should have been granted upon the ground that the action for divorce was still pending. In view of the fact that the defendant, in answering, alleges under oath that "the action for separation referred to in plaintiff's complaint was terminated by the voluntary return of the said May C. Gray to the defendant, before trial of the action, and before any order of the court had granted counsel fees and alimony therein," it is not quite clear what right the defendant now has to urge this point. The complaint, upon the trial of the action, was amended to conform to the allegation of the defendant upon this point; and while it is true that there had been no formal discontinuance of the action, the voluntary return of the plaintiff in the action for separation to the defendant effectually put an end to the litigation, and the plaintiff in this action had no remedy through the ordinary channels. To have granted this motion would have closed the doors to this plaintiff, as the action for a separation had passed beyond the control of the court, at least for the purpose of compensating this plaintiff. We are of opinion that the plaintiff, having a cause of action, had a right to go to the jury upon the question of the value of his services. The fact that the trial court before whom the motion for alimony and counsel fees was made reached the conclusion that the plaintiff should have $75 is not controlling in this case, the order of the court never having been entered, and the action having been terminated by the plaintiff in the separation action. The question was submitted to the jury by the learned justice presiding at the trial without exception on the part of the defendant, counsel for the latter having announced to the court that: "I will not call any witnesses for the defense. On the case, and on the fact that Judge Osborne considered $75 sufficient, I am willing to go to the jury." It is too late now to urge that the measure of compensation was fixed by the order of Judge Osborne, that order not having been entered, and the plaintiff never having had any benefit from that order. It hardly seems necessary to consider this case further. The plaintiff was clearly entitled to some compensation, and, as there is nothing to indicate that the jury has failed in the discharge of its duty in the premises, the judgment and order appealed from should be affirmed, with costs. All concur.