### In re BRACKETT.

### DECKER v. DECKER.

(Supreme Court, Appellate Division, Third Department. June 2, 1906.)

1. CONTRACTS—VALIDITY—PUBLIC POLICY—ATTORNEY AND CLIENT—COMPENSATION.

An agreement by a wife to compensate an attorney for services in an action by her against her husband for a separation by giving the attorney a percentage of what she may receive for her support and maintenance is void as against public policy.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 515–520.]

2. ATTORNEY AND CLIENT—LIEN OF ATTORNEY—TITLE OF CLIENT—NECESSITY.

An attorney's lien cannot exist concerning property to which the client has no title or claim.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 399–406.]

3. SAME.

A married woman employed an attorney to procure a separation for her and to collect claims against her husband. An action for separation was

instituted. The attorneys for the parties stipulated that the wife should receive $3,000 in lieu of all claims for damages and for alimony and maintenance, and that the husband should pay the wife such sum, and that a judgment should be entered in favor of the wife. The husband deposited $3,000 with his attorney to carry out the agreement. Subsequently, the wife resumed marital relations with her husband, and no judgment of separation was entered. *Held* that, as the wife had no claim to the $3,000, her attorney had no lien thereon; the stipulation becoming nugatory on the parties resuming cohabitation, though the wife colluded with her husband to defraud the attorney of his fees.

Appeal from Special Term, Saratoga County.

Petition by Edgar T. Brackett, an attorney, to enforce an attorney's lien in an action of Nellie D. Decker against Fred S. Decker. From an order declaring a lien in favor of the attorney against certain money, and directing payment to him of the amount of the lien, Fred S. Decker appeals. Reversed.

On or about November 27, 1905, the respondent, an attorney and counselor at law, entered into a contract with Nellie B. Decker whereby he agreed to perform for her legal services. Such services were to include the prosecution of an action for separation by said Nellie B. Decker against her husband, Fred S. Decker, the appellant herein, and also the collection of certain monetary claims which she had against her husband. For all of these services it was agreed that the respondent should receive, in addition to his necessary disbursements, 40 per cent. of any amount realized in such separation action by judgment or by settlement or negotiations, and also 40 per cent. of any amount realized from the other claims of Mrs. Decker against her husband. Pursuant to such agreement an action for separation was instituted, and the defendant appeared therein by attorneys. The grounds of such action were cruelty and abandonment. On December 15, 1905, the following agreement was signed by the attorneys for the parties in the separation action, and entitled in said action, viz.: "It is hereby stipulated and agreed between the parties to this action that the plaintiff will accept three thousand dollars ($3,000) in lieu of all claims whatsoever that she now has or may have for damages and in lieu of alimony or claims of any nature for future support and maintenance against said defendant, and the defendant hereby stipulates and agrees to pay the plaintiff the said sum of three thousand dollars in consideration of her releasing all said claims against him, said sum to be paid on or before thirty days from the date of this stipulation. And it is further agreed that judgment be entered herein in favor of the plaintiff and against the defendant for a separation, as prayed for in her complaint, but without costs, subject, however, to the court." It appears from the petition herein that there is in the possession of the appellant's attorneys $3,000, deposited with them by said appellant for the purpose of carrying out the agreement above set forth "upon the entry of judgment in said action." The respondent proceeded with the necessary steps for procuring judgment of separation in behalf of his client, and gave notice to the attorneys for the defendant that application for such judgment would be made to the court on January 13, 1906, and also notified his client to the same effect. About this latter date Mrs. Decker began to have interviews with her husband which resulted in a cessation of hostilities and a resumption of their marital relations. She however denied to her attorney that a reconciliation had been effected, and also concealed from him the fact that she was again living with her husband. She failed to appear at the time specified for the purpose of making the necessary proof for judgment in the separation action, and on January 23, 1906, informed the respondent that she did not care to press the action against her husband, and that she was not satisfied with the amount of the settlement, and that she desired a discontinuance of the action. The respondent thereupon made a motion to have a lien declared on the money deposited by the appellant with his attorneys, as aforesaid, which motion was granted the court at Special Term, declaring a lien in favor of the respondent for 40 per cent. of the amount of such money, to-

gether with the disbursements of the respondent, and directing the attorneys for the appellant to pay to the respondent the amount of the lien as thus declared. From that order this appeal was taken.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

A. M. Mills, for appellant.

Edgar T. Brackett and Benjamin P. Wheat, for respondent.

COCHRANE, J. An agreement by a wife to compensate her attorney for his services in an action by her against her husband for a separation by giving her attorney a certain percentage of what she may receive for her support and maintenance is void as against public policy. Van Vleck v. Van Vleck, 21 App. Div. 272, 47 N. Y. Supp. 470. The agreement between Mrs. Decker and her attorney, it is true, related partly to matters independent of the separation action. But the money on which the lien has been declared related indiscriminately to alimony, support, and maintenance, and to all other matters or differences, and it is not possible to divide the amount in such a way as to make any particular portion thereof pertain exclusively to matters which are independent of the separation action and the wife's support.

It is established in this proceeding, however, that the reasonable value of the services and disbursements in question was the same as the amount specified in the agreement between the attorney and his client. Hence it is necessary to consider whether the lien declared in this case can be sustained independently of the agreement fixing the price, and on the assumption that the services were in fact reasonably worth the amount agreed to be paid therefor. It probably will not be questioned that an attorney's lien cannot exist concerning property to which the client has no title or claim. Unless Mrs. Decker has become entitled to the money deposited by her husband with his attorneys, the respondent can have no lien thereon, because it is self-evident that an attorney cannot acquire a lien on property to which his client was not entitled. In theory of law the appellant has never parted with the possession or control of the money which he delivered to his attorneys. The agreement providing for the payment of the $3,000 only contemplated such payment to Mrs. Decker in case judgment was entered against the appellant in the separation action. The respondent urges that such payment was not conditional on the entry of judgment. That, however, was the meaning of the parties. When that agreement was made, a reconciliation was not in contemplation, but it was expected that the status of the parties would be fixed by a legal separation. The entry of judgment would be, perhaps, merely formal, but a legal separation in fact was contemplated; and the petition herein of the respondent expressly states that it was made a condition of said settlement between Mrs. Decker and her husband "that said action for a separation would be continued to judgment," and also that the money was deposited by the appellant with his attorneys to be paid to Mrs. Decker "upon the entry of judgment in said action." When, therefore, the relations between the parties changed, and their legal separation was no longer desired or in fact obtainable because of their cohabitation, the agreement which

had been made between them on the theory of a legal separation was rendered nugatory, and it became no longer desirable, or even possible, for such agreement to be consummated.   The wife thereby became entitled to her support and maintenance, not as contemplated by said agreement, but as a wife usually receives support from her husband, and in the manner which is favored and encouraged by the law.   She had thereafter no claim or right to the $3,000, and, not being entitled to it herself, her attorney could have no lien thereon.

But it is urged by the respondent that his client colluded and conspired with her husband to defraud her attorney out of his claim for services.   The order appealed from recites "that said Nellie B. Decker and Fred S. Decker have since the commencement of said action cohabited together as husband and wife, and that she has returned to the bed and board of said Fred S. Decker."   It is quite probable that Mrs. Decker and her husband have been guilty of bad faith and duplicity towards the respondent.   But it is hardly supposable that she has cohabited with her husband and returned to his bed and board for the purpose of defrauding the respondent.   The resumption by her of her marital relations with her husband is to be commended, and must be sustained by the court, even though the effect thereof be to place her attorney at a disadvantage in the collection of his claim for services.   It appears conclusively that she has condoned her husband for his acts of cruelty, and by such condonation she no longer became entitled to a judgment for separation, nor would the court grant such judgment even though both parties so requested.   Conceding that Mrs. Decker colluded with her husband to defraud her attorney, nevertheless such collusion was an outgrowth of her reconciliation with her husband, and it logically and necessarily follows from such reconciliation that she never acquired any claim or title to the $3,000, and hence the lien of her attorney could no more attach thereto than it could to any other property of her husband.   Whatever the rights of the attorney may be, it is clear that he has no lien on the money in question.

The services of the respondent were performed in good faith, and were rendered, as he believed, for the best interests of his client.   She acted most unfairly towards him in not disclosing to him her true relations with her husband.   But, for the reasons heretofore stated, the order declaring the lien herein cannot be sustained.

The order must be reversed, and the motion denied, but under the circumstances no costs are awarded.   All concur.