### HAUSER v. HAUSER. (No. 50.)

(Supreme Court, Appellate Term, First Department. July 12, 1915.)

**1. DIVORCE ☜197—ALIMONY—ATTORNEY'S FEE.**

A husband is liable for services rendered by an attorney in procuring an increase in the alimony given the wife, who had obtained a decree of separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 582, 583; Dec. Dig. ☜197.]

**2. DIVORCE ☜197—ALIMONY—RIGHT OF WIFE.**

A wife, after separation, who has paid, out of the alimony received, attorneys for their services in procuring an increase of alimony, is not entitled to recover the amount paid from her husband; the services having been paid out of money furnished for her support.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 582, 583; Dec. Dig. ☜197.]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bertie Hauser against William J. Hauser. From the judgment, defendant appeals. Reversed, and complaint dismissed.

Argued before GUY, LEHMAN, and WHITAKER, JJ.

Philip C. Samuels, of New York City (Albert J. Rifkind and Philip C. Samuels, both of New York City, of counsel), for appellant.

George W. Glaze and John Mithertz, both of New York City (George W. Glaze, of New York City, of counsel), for respondent.

LEHMAN, J. In August, 1911, the plaintiff herein obtained a decree of separation against her husband, the defendant in this action. Under that decree the defendant was ordered to pay to the plaintiff the sum of $10 per week alimony, and it was further provided that the plaintiff had leave to apply to the court to modify this amount in case of change in circumstances of the defendant. Thereafter the plaintiff retained George W. Glaze as her attorney to apply to the court for an increase of alimony, and he succeeded in having the amount increased to $14 per week. The proceedings before the court appear to have been strongly contested, and even after the court had ordered the increase in alimony the defendant obtained an injunction against its collection and appealed from the order. Thereafter the plaintiff paid the attorney the sum of $150, from the alimony received, for his services up to the time when the amount of the alimony was increased, and she now seeks to recover this amount from her husband, and her attorney at the same time sues the husband for the sum of $300, which he claims is the value of his services rendered after the entry of the order increasing the alimony.

[1] The attorney, George W. Glaze, has recovered a judgment for the sum of $216.50 for these services, and the plaintiff has recovered a judgment for the sum of $150. Under the authority of the case of

Horn v. Schmalholz, 150 App. Div. 333, 134 N. Y. Supp. 652, it seems to me that the defendant is liable to an attorney for services rendered under these circumstances, and inasmuch as we find no serious errors in the record we have affirmed the judgment in that case.

[2] The question of whether a wife, who has paid her attorney for these services out of the alimony received, can recover for such payment, presents more difficulty. At common law no such action was maintainable, for all her property was owned by the husband. Since her marital disabilities have been removed, the Court of Appeals has held in the case of De Brauwere v. De Brauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (N. S.) 508, that:

"A wife, who has applied her separate estate for the purpose of an obligation resting primarily upon her husband, may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation."

In the present case, however, the plaintiff has applied to the meeting of the defendant's obligation to support her, not moneys from her separate estate, but moneys received from him for her support under a decree of the court. It is true that she had a right to apply these moneys to her support in other ways, but since the basis of any right of action on her part rests upon the husband's failure to furnish her with means to provide for herself, and since it affirmatively appears that she has paid this money out of the funds supplied by her husband, I think that her action must necessarily fail.

The judgment should be reversed, with costs, and the complaint dismissed, with costs, with leave to plaintiff to appeal to the Appellate Division, First Department.

WHITAKER, J., concurs.   GUY, J., dissents.