LILLIAN QUINN, Plaintiff, *v.* WILLIAM QUINN, Defendant.

Supreme Court, Fulton County, November 12, 1928.

*William H. Freeman*, for the motion.

*Eugene D. Scribner*, opposed.

GOLDSMITH, J.   This action was instituted by the plaintiff to secure a separation from the defendant.   On July 7, 1928, an order was made herein directing the defendant to pay a counsel fee of $100 to "the plaintiff's attorney."   Prior to the date of payment specified in the order, and before service of a copy of the order upon the defendant, the parties became reconciled, and the wife returned to her husband.   The husband refused to pay the counsel fee.   This application was made by the wife's attorney to punish the defendant for his failure to obey the mandate of the court. The matter was brought on for a hearing upon an order to show cause granted by the Montgomery county judge.

The defendant interposed a preliminary objection to the authority

of a judge to make the order to show cause herein to punish him for contempt. The objection is good. The procedure is governed by section 1172 of the Civil Practice Act. An order to show cause pursuant to this section must be granted by the court. (*Weich* v. *Weich*, 59 Misc. 238.)

Upon the merits, however, the plaintiff cannot succeed. The defendant is directed to pay a counsel fee to the plaintiff's attorney. Section 1169 of the Civil Practice Act provides that the court may require " the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action." The statute does not authorize such payment to be made to the wife's counsel. The order should make the counsel fee payable to the wife. (*Kamman* v. *Kamman, No. 1,* 167 App. Div. 423; *Kellogg* v. *Stoddard,* 89 id. 137.) The order being unauthorized, the defendant cannot be adjudged in contempt for failure to comply with its provisions.

It further appears that a reconciliation was reached between the parties soon after the order was made granting a counsel fee. The reconciliation was in effect an abandonment of the action. This is so, even though no order of discontinuance was entered. (*Naumer* v. *Gray,* 41 App. Div. 361.) If the action is no longer pending, the defendant cannot be punished for failure to obey the directions of an order made therein. (*Hayes* v. *Hayes,* 150 App. Div. 842; affd., 208 N. Y. 600.)

The attorney is remitted for relief to an action against the husband to recover the value of his services rendered to the wife in this litigation. (*Naumer* v. *Gray,* 28 App. Div. 529.)

The motion to punish the defendant is denied. Submit order.