ELIJAH W. HOLT, Plaintiff, *v.* IRENE A. CARR and FRANK J. CARR, Defendants.

Supreme Court, Erie County, February 10, 1939.

*Holt, Holt & Holt* [*Elijah W. Holt* of counsel], for the plaintiff.

*McDonough & Boasberg* [*Charles J. McDonough* of counsel], for the defendants.

MALONEY, J. The defendant herein, Irene A. Carr, brought an action against the defendant Frank J. Carr for a separation. A notice of motion for counsel fee and alimony *pendente lite* was served on said Frank J. Carr. On the return day of such motion the same was referred by this court to an official referee thereof to hear and report. The referee fixed a date for a hearing. Shortly before said day defendants herein settled their domestic difficulties. Such settlement was made without the knowledge of plaintiff herein, then counsel for the defendant Irene A. Carr. Plaintiff was later informed by defendant Irene A. Carr of the settlement of the pending action by the parties thereto.

It appears that such settlement provided that defendant Frank J. Carr was to pay this plaintiff the reasonable value of his services and disbursements. Thereafter, this plaintiff, not a party to the agreement aforesaid, brought an action at law against the defendants to recover the reasonable value of the professional services rendered by him to defendant Irene A. Carr. The defendants appeared and answered, admitting their liability to pay plaintiff. Defendants, further answering, consented that plaintiff might enter judgment against them jointly and severally in the sum of $300.

Defendants' counsel appeared on the return day of a notice of motion in behalf of Irene A. Carr, as plaintiff in said separation action, and moved for an order dismissing and discontinuing the separation action herein without costs to either party. Plaintiff herein appeared in opposition thereto and further claimed an attorney's retaining lien on all papers and pleadings then in his possession as the former attorney for Irene A. Carr. Such a retaining lien is consented to by the attorneys for the defendant Irene A. Carr. It is, therefore, not necessary that decision as to the same be made herein.

Pending the decision of the aforesaid motion for an order discontinuing the separation action, plaintiff herein served on defendants herein an amended complaint demanding equitable relief hereinafter referred to. Counsel for the defendants herein then moved in their behalf for the dismissal of the amended complaint, such motion being predicated on the ground that the amended complaint failed to state a cause of action; that admitting the facts therein alleged as a matter of law, plaintiff herein was not entitled to the equitable relief prayed for in the amended complaint and that plaintiff's only remedy was an action at law and that he was relegated to his own action at law to recover for the value of his services rendered to Mrs. Carr. The defendants herein, having admitted liability for the same, the sole question to be litigated was the reasonable value thereof. The equitable relief sought in plaintiff's complaint herein is as follows:

" Wherefore, this plaintiff demands judgment and relief herein as follows:

" *First.* That said separation suit be continued to permit this plaintiff to bring to hearing and decision the motion for temporary alimony and counsel fee, in order that it may be judicially determined therein what alimony and counsel fee are proper, under the conceded and undisputed facts upon said motion, in order that the just and proper compensation be awarded this plaintiff in this action, based upon his legal efforts in behalf of said Irene A. Carr, and their results for her benefit.

" *Second.* That this plaintiff be adjudged his attorney's lien upon said separation suit, the papers therein, and the causes of action and reliefs therein alleged and demanded, and such reliefs as may be granted therein, upon the motion therein for alimony and counsel fees.

" *Third.* That by order or interlocutory decree herein it be adjudged in this instant action that this plaintiff is entitled to the equitable remedies of discovery, examination before trial of defendants, and an accounting, to ascertain the terms of the collusive settlement alleged in this amended complaint, so as to disclose the benefits by said Irene A. Carr received and to be received by her from the aforesaid collusive settlement; so that this plaintiff's fees in said separation action, recoverable from defendants herein, be properly measured by such benefits.

" *Fourth.* That by final or interlocutory judgment herein this plaintiff be accorded the right to foreclose his said lien upon said causes of action in said separation suit, and against the proceeds of said fraudulent and collusive settlement, to the end that the proceeds realized for him upon such foreclosure be credited upon his claim for just compensation and disbursements alleged and demanded herein.

" *Fifth.* That the defendants be adjudged to pay this plaintiff, jointly and severally, the sum of $5,000, being for and on account of his fees in said separation suit, and the further sum of $100 on account of necessary expenditure for disbursements in said suit; and that upon disclosure of the terms of said collusive settlement, if the benefits accruing to said Irene A. Carr therefrom as the result of this plaintiff's efforts in said separation suit justify a further allowance of fees, that the judgment herein adjudge such further allowance.

" *Sixth.* That this plaintiff be adjudged, by order herein or in said separation suit, to be entitled to all the remedies to which he would have been entitled in said separation action to collect all allowances for his benefit therein made had said separation suit not beer settled as herein alleged.

" *Seventh.* That this plaintiff have all such other and further order, judgment and relief herein to which he may be entitled either by common law or equity; besides the costs of this action."

It is conceded that if the motion to dismiss the amended complaint of the plaintiff herein is denied, then the motion to discontinue the original action for a separation would be automatically denied.

Section 1169 of the Civil Practice Act provides: " In an action for divorce or separation the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action." It is to be noted that the court's power to so do is limited to the pendency of the action.

An award for past service and expenses of counsel may not be made to a wife. Counsel fees awarded in a matrimonial action are for legal services to be rendered in the future, and such an allowance, therefore, cannot be made when the action has been settled. (*Conklin* v. *Conklin,* 201 App. Div. 170; affd., 234 N. Y. 546: *Stillman* v. *Stillman,* 199 App. Div. 735; *McCarthy* v. *McCarthy,* 137 N. Y. 500; *Beauley* v. *Beauley,* 199 App. Div. 279; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456.)

The order directing the payment of counsel fees should in terms make them payable to the wife and not her attorney in person. ( *Kamman* v. *Kamman,* 167 App. Div. 423.)

The decisions aforesaid would seem to indicate quite definitely that a portion of the relief sought in plaintiff's amended complaint is not obtainable under section 1169 of the Civil Practice Act.

The law is well established that the rights of parties to separation actions to settle their differences is absolute. Judge VANN in *Fischer-Hansen* v. *Brooklyn Heights R. R. Co* (173 N. Y. 492, at pp. 500, 501) stated as follows: " A cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property, but a charge upon it. As it is merely incidental and for the purpose of security only, it would not be reasonable to hold that the Legislature intended it should be the means of blocking an honest and genuine adjustment of controversies. We think the lien is subject to the right of the client to settle in good faith, without regard to the wish of the attorney, and we so held in the *Peri* case [152 N. Y. 521], where we declared that ' the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement.' The right of the parties to thus settle is absolute and the settlement determines the cause of action and liquidates the claim."

An attorney who in good faith and upon probable cause, has carried on a wife's suit against her husband for a separation upon the grounds of cruel and inhuman treatment, ·may recover from the husband, in an action at law, compensation for his services. (See *Naumer* v. *Gray*, 28 App. Div. 529; *Horn* v. *Schmalholz*, 150 id. 333; *Hauser* v. *Hauser*, 154 N. Y. Supp. 1072.)

Plaintiff herein in his complaint, among other relief, seeks generally to have established an attorney's lien for services in such an amount as a court of equity shall determine on a trial. Plaintiff further prays for an interlocutory decree of foreclosure of such a lien. An examination of the pleadings, including the amended complaint, affidavits and briefs submitted on the motions, discloses no facts, in law, to warrant a conclusion that the settlement was fraudulent or collusive. In fact, from the evidence the conclusion is warranted that the parties to the separation action settled their differences as they had an absolute right to do. True, the defendant herein, Irene A. Carr, may not have appreciated the amount and type of legal services that had been furnished her by an able and diligent lawyer. Again, it may have been lack of courtesy on her part or just a woman's prerogative to change her mind. Plaintiff was not advised of the settlement and its terms. The failure of the defendant herein, Irene A. Carr, to advise with her attorney and inform him of said settlement would not constitute fraud or collusion. The defendant herein, Frank J. Carr, thereby could not escape his common liability to pay the reasonable value of the services rendered to his wife. The settlement was not collusive as to plaintiff who alleges in the amended complaint that as part of the consideration for the settlement, defendant Frank J. Carr orally agreed to pay the reasonable value of the professional services rendered by him to Mrs. Carr. The plaintiff herein also alleges in his complaint that defendant Frank J. Carr paid $7,000 income taxes on an income of $42,000 for the year 1937. Mr. Carr admits earning $35,000 during that period. Defendants' answer to the plaintiff's original complaint confines the litigation to reasonable value of the services rendered. Defendant Frank J. Carr, it is conceded, has a substantial income. May it be said that from the aforesaid facts, such settlement was collusive and fraudulent and that the parties thereto intended thereby to cheat, defraud and prevent plaintiff from receiving his just compensation? I am of the opinion that such is not the case. The settlement in no way affected the common-law liability of the defendant Frank J. Carr. In view of my conclusion aforesaid, it is not necessary to pass on the question of the relative rights of the parties to a fraudulent and collusive settlement.

The opinion by Judge Vann in the case of *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 492) is clear and conclusive authority under different facts than appear in the instant case. That case involved the right of an attorney to proceed in equity against the parties to the collection of his fees in a collusive and fraudulent settlement made by a financially worthless client after the plaintiff's attorney had served timely notice upon defendant of his claim to an attorney's lien against the proceeds of any money due or paid his client for damages incurred by him as a result of defendant's negligence.

Judge Vann wrote (at pp. 501, 502) as follows:

" Of course, we do not refer to dishonest settlements made to cheat attorneys, which the courts will brush aside with a strong hand, but to honest settlements, made in good faith because the client preferred something certain in hand to the uncertainty of protracted litigation. Such settlements are not prohibited by the existence of the attorney's lien. The Legislature did not intend to make the lien the chief thing, nor to compel the client to abdicate his position as principal in favor of the agent or attorney whom he employed in order to secure his rights. It did not intend to prevent him from dealing with his own property as he saw fit, provided he exercised his honest judgment and took no advantage of his attorney. In this case the plaintiff, by standing on the settlement, admits that it was made in good faith and thus confirms his lien upon the proceeds, which was not defeated by payment to his client, for the defendant paid at its peril. It had both actual and constructive notice of the lien, and while it does not appear that it knew the share of the fund that the plaintiff was entitled to receive, its duty was to ascertain the amount and retain it for him.

" Moreover, the general rule is that a lien upon property attaches to whatever the property is converted into and is not destroyed by changing the nature of the subject. Thus a lien upon timber ordinarily extends to the shingles made out of it; a lien upon domestic animals to their young subsequently born, and a lien upon a mortgage to the land into which the mortgage is converted by foreclosure. It follows its subject and cannot be shaken off by a change of form or substance. It clings to any property or money into which the subject can be traced, until it reaches the hands of a *bona fide* purchaser. So a lien upon a claim or a cause of action follows the fund created by a settlement of the claim, which thereupon ceases to exist. It attaches to the amount agreed upon in settlement the instant that the agreement is made, and if the defendant pays over to the client without providing for the lien

of the attorney, he violates the rights of the latter and must stand the consequences. We think that the plaintiff had a lien upon the sum which the defendant agreed to pay to extinguish the cause of action, and that the law will not permit it to say that it has nothing in its hands to satisfy it. The lien was not affected by the adjustment, but leaped from the extinguished cause of action to the amount agreed upon in settlement.

" The remedy provided by the Code by means of a petition is not exclusive, but cumulative, for a court of equity has always had power to ascertain and enforce liens. We have endeavored to establish that the plaintiff's lien was transferred from the cause of action to the fund into which the claim was converted by the action of the parties, and hence within familiar principles a court of equity has power to enforce that lien in an action brought for that purpose. Actions to establish and enforce liens are among those most familiar to equity jurisprudence. Even if the relief ultimately granted is in the form of a money judgment, still that will be possible only through the exercise of equitable jurisdiction in ascertaining the lien and determining its amount. A money judgment may then follow, as a foreclosure is unnecessary when the subject of the lien has already been converted into money. (*Bailey* v. *Hornthal,* 154 N. Y. 648, 661; *Mooney* v. *Byrne,* 163 N. Y. 87, 96.) While the statute gives the lien, the plaintiff must show that he comes within the statute by establishing the facts alleged in his complaint, and the action is open to any defense tending to show that no lien ever existed, or that if it once existed it was discharged with the consent of the plaintiff, or was waived or forfeited by his misconduct or neglect."

It is to be noted that the lien attaches to the fund or property paid or delivered by the one party to the settlement and received by the other.

No facts have been alleged to the effect that a fund or property exists to which a lien would attach. Plaintiff has a remedy. He chose to and did bring an action at law against the defendant Frank J. Carr, and in my opinion he elected to proceed under the common law, the only remedy available to him. There is a distinction between the *Hansen* case (*supra*) and the instant case. The *Hansen* case was an action to recover damages in tort, the cause of action being predicated on negligence. The suit was one at law.

A separation action is a special proceeding in equity, well defined as to the procedure to be followed by the parties. (Civ. Prac. Act, §§ 1161–1165.) In a suit at law there is ordinarily (except as to some legal liability growing out of the marriage contract) no

common-law liability for procedure requiring one party to pay to the other the reasonable value of his opponent's attorney's fees.

Plaintiff seriously urges that the *Hansen* case (*supra*) is authority for plaintiff's claim to a right in equity to collect his fees, and further urges the decision aforesaid as authority that a right to so proceed may be denied only upon one of two grounds: Either there was a resumption of complete marital relations (the parties returning to cohabitation) without any payment being made to the wife, or else the wife's attorney had procured before the settlement a court order fixing his compensation and had been paid for his services up to the time of the settlement, neither of such events being disclosed in the instant case. He thereby ignores the fact that the husband and wife in the instant case settled their differences in a manner satisfactory to themselves as they had a right to do. There is no allegation of facts presented to warrant a conclusion that there was any collusive or fraudulent settlement made by the parties nor was any fund created by the settlement thereof.

In *Matter of Brackett* (114 App. Div. 257) the wife retained the attorney to perform certain legal services, which included prosecution of an action for a separation against her husband, and also the collection of certain funds owed to her by her husband. She agreed to pay him forty per cent of any amount realized in the separation action, and also from her other claims. During the pendency of the action the parties were reconciled. The wife concealed this fact from her lawyer, but informed him that she was not satisfied with the amount of a settlement previously tentatively agreed on, and that she desired a discontinuance of the action. Under the terms of this tentative settlement, the husband had deposited $3,000 with his attorneys, to be paid on entry of a judgment of separation in favor of the wife. The attorney then moved to have a lien declared on the above fund. The Special Term granted this motion. In reversing and denying the motion, the court said in part:

" The agreement between Mrs. Decker and her attorney, it is true, related partly to matters independent of the separation action. But the money on which the lien has been declared related indiscriminately to alimony, support and maintenance and to all other matters or differences, and it is not possible to divide the amount in such a way as to make any particular portion thereof pertain exclusively to matters which are independent of the separation action and the wife's support. * * *

" Conceding that Mrs. Decker colluded with her husband to defraud her attorney, nevertheless such collusion was an outgrowth of her reconciliation with her husband, and it logically and necessarily follows from such reconciliation that she never acquired any

claim or title to the $3,000, and hence the lien of her attorney could no more attach thereto than it could to any other property of her husband. Whatever the rights of the attorney may be, it is clear that he has no lien on the money in question."

Again in *Conklin* v. *Conklin* (*supra*) it was held that the attorneys for a wife in an action for divorce have no enforcible lien against the husband for counsel fees after the parties to the action have resumed marital relations and thereby settle the action. Here the court said: "The cause of action, upon which an attorney may have a lien, belongs to the client and not to the attorney; the right of the client in good faith to settle his cause of action and terminate a suit brought to enforce the same is absolute; the lien of the attorney does not stand in the way."

Reconciliation having been reached between the parties after an order granting counsel fee was allowed, defendant cannot be punished for failure to obey the order, since the reconciliation was in fact an abandonment of the action, though no order of discontinuance was entered. The attorney in whose favor the order was made is remitted to an action against the husband to recover the value of the services rendered. (*Quinn* v. *Quinn*, 133 Misc. 266.)

In *Turner* v. *Woolworth* (221 N. Y. 425) the court evidenced an intention to limit alimony payments to the purpose for which they were granted. The court held that a fine in a contempt proceeding, brought for failure to pay alimony, was a substitute for the unpaid alimony, and was not subject to a lien for counsel fees. Judge CARDOZO said: "The argument is made that by force of the agreement with the wife, the value of the services may be declared a lien upon the fine. But the fine was not subject to a lien. It was a substitute for the unpaid alimony (Judiciary Law, § 773; Consol. Laws, chap. 35; Code Civ. Proc. § 1773). The purpose of alimony is support. Equity, which creates the fund, will not suffer its purpose to be nullified. There were no exceptional circumstances here which made necessary an assignment of future alimony if the suits were to proceed. There was no occasion for such a pledge in order to procure for the wife the services of counsel. She had at all times an adequate remedy by application to the court. In such circumstances, equity, confining the fund to the purposes of its creation, declines to charge it with liens which would absorb and consume it (*Romaine* v. *Chauncey*, 129 N. Y. 566, 572; *Matter of Brackett*, 114 App. Div. 257; *Jordan* v. *Westerman*, 62 Mich. 170; *Matter of Williams*, 208 N. Y. 32)."

In *Romaine* v. *Chauncey* (129 N. Y. 566) the plaintiff sought to compel a husband to apply monthly alimony payments to the wife in the sum of $350 per month to the payment of a debt of the

wife, contracted previous to a decree of divorce. The wife was also a defendant. The court held that alimony is a specific fund provided for a specific purpose only. The court refused to convert it to a purpose other than that for which it was intended and denied the plaintiff relief. The court said (at pp. 569, 572, 573):

" Alimony, as we all understand, is an allowance for support and maintenance, having no other purpose and provided for no other object. * * *

" And of such character has the allowance of temporary alimony been considered that an assignment of it by the wife to her solicitor as compensation for his services has been disregarded and set aside as being a misappropriation of a fund awarded for a special purpose. (*Jordan* v. *Westerman, supra.*) * * *

" It is property in one sense, but not in the broad general sense of the term. It is a specific fund provided for a specific purpose, with restraint and limitation written all over its face by the very law and decree which brought it into existence."

It appears that defendant Frank J. Carr is financially able to satisfy any judgment which plaintiff may secure against him at law. There is no fund in the instant case to which plaintiff's fee may attach. The installments paid by defendant Carr to his wife for her support and maintenance in whatever amount or at what intervals made are not susceptible to a lien for plaintiff's fees in the case at bar.

Alimony may be exempt from execution. (*Baskin & Co., Inc.,* v. *Howe,* 225 App. Div. 553.)

The parties to the separation action had an absolute right to settle the same without plaintiff's knowledge or consent. Such an agreement to the contrary with an ally is void as against public policy. (*Matter of Snyder,* 190 N. Y. 66.)

The parties having settled their differences and agreed to abandon or discontinue further litigation, such agreement ended the lawsuit and it may not be resurrected as a matter of law or right for the purposes sought in the amended complaint. Plaintiff has an adequate remedy at law, not in equity.

Defendants' motion to dismiss plaintiff's amended complaint herein granted, without costs. Enter order accordingly.