## FOURTH DEPARTMENT, OCTOBER, 1939.
### (October 4, 1939.)

ELIJAH W. HOLT, Respondent, v. IRENE A. CARR and FRANK J. CARR, Appellants. — Order of May 5, 1939, so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and original order of February 16, 1939, dismissing the complaint, modified by providing that the plaintiff may serve an amended complaint within ten days, upon payment of motion costs and the above-mentioned costs of this appeal. Memorandum: Plaintiff sued defendants for legal services. Defendants answered admitting liability and offering judgment for a certain amount. Thereafter, plaintiff served an amended complaint wherein he demanded only equitable relief. Upon defendants' motion made before answer, an order was granted which dismissed the amended complaint upon the ground that it failed to state a cause of action. The order contained no provision for leave to plead anew. Prior to the entry of this order, plaintiff — upon motion brought on by an order to show cause — obtained, over defendants' objection, an order resettling the previous order by adding thereto a provision that the dismissal was on condition that the original pleadings stand as the pleadings in the action and that the cause retain its place upon the trial calendar. The defendants appeal from the order of resettlement. The Civil Practice Act does not authorize the attaching of such conditions where a pleading is dismissed for insufficiency. The judge, however, could have resettled his order of dismissal by inserting therein a provision permitting plaintff to serve a further amended complaint. All concur. (The portion of the order appealed from provides that the dismissal of plaintiff's complaint be upon condition that the cause remain at issue, in an action to recover for legal services.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ. [170 Misc. 32.]

STELLA PACEK and MARY PACEK, as Executrices, etc., of MATTHEW PACEK, Deceased, Appellants, v. HENRY L. FERRAR, Respondent, and Others, Defendants. — Order affirmed, with ten dollars costs and disbursements. Memorandum: No personal service of the summons and complaint in the foreclosure action was made on the respondent Ferrar. The entry of a deficiency judgment against him, therefore, was absolutely void for lack of jurisdiction of his person. The Supreme Court has inherent power to vacate a judgment so entered. (Civ. Prac. Act, § 1083; *Matter of Rudgers*, 250 App. Div. 359; *Matter of Battalico* v. *Knicker-bocker Fireproofing Co.*, Id. 258; motion for leave to appeal denied, 274 N. Y. 641; *Kamp* v. *Kamp*, 59 id. 212.) Nor has Ferrar appeared generally in this action so as to give the court jurisdiction. (*Noble* v. *Crandall*, 49 Hun, 474.) All concur. (The order amends a judgment in a foreclosure action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.