BERTHA LANGER, as Executrix of VALENTINE LANGER, Deceased, Plaintiff, *v.* FREDERICK A. WIEHL, Defendant.

Supreme Court, Special Term, Queens County, May 5, 1955.

*G. Edward Leiser* for defendant appearing specially.

*Otto M. Gabler* for plaintiff.

HOGAN, J. Defendant, appearing specially, moves for an order (1) vacating an order of this court dated January 11, 1943, permitting service of the summons by publication, and (2) vacating the default judgment entered herein on March 22, 1943. The basis of defendant's motion is that personal jurisdiction was not obtained over him.

This action was brought to recover the sum of $3,290.73 allegedly converted by the defendant to his own use on November 15, 1940. On plaintiff's application a warrant of attachment was issued on December 28, 1942, and an order permitting service of the summons by publication was granted on January 11, 1943. In support of both applications plaintiff submitted affidavits alleging that the defendant was an adult resident of the State of New York, and that he had been continuously absent from the State for more than six months without having designated anyone upon whom a summons could be served in his behalf. It was further alleged that defendant had resigned from the bar, and that his resignation had been accepted by the Appellate Division on June 18, 1941. There was also submitted a certificate of the County Clerk of Queens County certifying that a search of the records of his office failed to reveal any designation by the defendant of a person upon whom process could be served.

Upon the present motion defendant alleges that at the time the order of publication was granted, he was a nonresident of

this State, and that from 1931 to 1945, he resided with his wife and son at 44 Hagelberger Strasse, Berlin, Germany. He admits that until June 15, 1941, he also maintained an apartment at 1625 Putnam Avenue, Ridgewood, Queens County, New York and an office at 55–14 Myrtle Avenue, Ridgewood, New York, where he represented Berlin business firms through the Iron & Steel Capital Corporation, of which he was president. Defendant further alleges that as '' a native-born American citizen and ethnic German '' he '' possessed dual nationality and citizenship in both the United States and Germany, and as such was subject to both classifications of responsibility, and subject to the draft of both countries.''

On June 10, 1941, defendant was ordered to report to the German Foreign Office in Berlin. He directed one of his employees to close his apartment while he spent the next few days in conference at the German Embassy in Washington. He also ordered his office to be closed within ninety days, and left with one of his employees his resignation as an attorney, to be submitted to the Appellate Division. He left New York on June 15, 1941, via American Airlines for Mexico en route to Germany.

In support of his motion defendant submits an affidavit from an employee of the realty corporation which owned the premises where defendant resided in 1941. According to that affidavit defendant's apartment was surrendered about July 9, 1941, and was rented on August 1, 1941, to another tenant who is still in possession to this day.

In 1951, defendant returned to the United States, and on the death of his mother in 1954, inherited some real property. Apparently an effort is being made to apply said real property to the judgment obtained herein.

If defendant's status as a resident of New York or Germany, at the time the order of publication herein was granted in 1943, were determinative of this motion, the court would refer the matter to a referee. In the view taken by this court, however, the question of defendant's residence in January, 1943, is entirely immaterial to this application. While domicile is sufficient to obtain in personam jurisdiction over an absent defendant (*Blackmer* v. *United States,* 284 U. S. 421; *Milliken* v. *Meyer,* 311 U. S. 457), the Legislature has exercised its power only when the summons is served personally upon the defendant without the State. (Civ. Prac. Act, § 235.) Where the summons is served by publication in an action for money only, a prior levy of attachment upon the defendant's property within the State is required whether the defendant is a resident or a nonresident.

(Civ. Prac. Act, § 232, subd. 3; 3 Carmody-Wait on New York Practice, § 111, p. 219.)

It is clear, therefore, that personal jurisdiction was not obtained over the defendant in this case. Apparently plaintiff's attorney was well aware that the judgment herein was not in personam, for the execution thereon issued to the Sheriff on March 23, 1943, one day after entry of the judgment, properly directed the Sheriff " to satisfy said judgment out of the personal property of said judgment-debtor heretofore attached by you in this action, or if that is insufficient, out of the real property heretofore attached by you in this action, and to return this execution " etc. (Cf. Civ. Prac. Act, § 645.)

The procedural question involved herein will now be discussed. An order of publication may be obtained against a nonresident of the State of New York or against an adult resident absent for six months, without having designated a person upon whom a summons could be served in his behalf. (Civ. Prac. Act, § 232-a, subds. 5, 8; formerly [1943] § 232, subds. 1, 3.) The order of publication was, therefore, properly granted whether defendant was an absent resident as plaintiff then alleged, or a nonresident as defendant alleges. The first branch of the motion is, therefore, denied.

A judgment entered without jurisdiction is subject to collateral attack, as well as to direct attack by motion to vacate. (*Kamp* v. *Kamp,* 59 N. Y. 212.) The court has inherent power to vacate a judgment so entered. (*Pacek* v. *Ferrar,* 258 App. Div. 772.) A motion to vacate a judgment on the ground of lack of jurisdiction may be made at any time and will not be denied for laches since the judgment is a nullity. (7 Carmody-Wait on New York Practice, § 148, p. 402.)

To the extent that plaintiff had executed a warrant of attachment and levied on a bank account in the name of the defendant, the court had jurisdiction over the property levied upon. To the extent that plaintiff is now attempting to enforce the balance of the judgment as an in personam judgment, it should be vacated. In *Pacek* v. *Ferrar* (*supra*), an action in foreclosure, and, therefore, in rem, the court amended the judgment so as to vacate so much thereof as granted a deficiency against the respondent Ferrar, over whose person the court had no jurisdiction. So here, the judgment will be amended so as to limit the amount thereof to the property attached prior to judgment and vacate it as to any excess.

Settle order on notice.