DOROTHEA K. WHEELOCK, Appellant, v. JEROME WHEELOCK, Respondent.

First Department, December 18, 1956.

*J. Frederic Taylor* of counsel (*John W. Young, Jr.*, and *George I. Harris* with him on the brief; *Burke & Burke*, attorneys), for appellant.

*Michael C. Gray* for respondent.

BOTEIN, J. P.  Plaintiff wife brought an action for separation in 1934.  On September 18, 1935 an order was entered on consent pursuant to which the defendant husband was to make support payments to the wife of $35 per week.  He did not pay and was held in contempt.  However, plaintiff failed to take any steps to bring the matter to trial, and on January 9, 1939 the case was marked off the calendar.  One year later, plaintiff having made no effort to restore the case to the calendar, it was deemed abandoned and the complaint dismissed pursuant to subdivision 8 of rule VIII of the Special Terms Rules of New York County.  That rule governs dismissals upon the court's own initiative, as does rule 302 of the Rules of Civil Practice, and is not in any way inconsistent with section 181 of the Civil Practice Act, which applies only to dismissals upon application of a defendant.  The rule being automatic and self-executing, plaintiff's action was at an end on January 10, 1940.  She did nothing to open the default, however, but on August 24, 1944, upon the allegation that her action was still pending, she secured the entry of judgment for the temporary alimony arrears which had accumulated since 1935.

A few months before plaintiff entered her judgment this court, by a divided vote, had held that a wife could properly enter judgment for accrued temporary alimony arrears under section 1171-b of the Civil Practice Act even after her action for separation had been dismissed, on the theory that regardless of the ultimate outcome, she had vested rights to the temporary alimony which had accrued before the final judgment (*Treherne-Thomas* v. *Treherne-Thomas*, 267 App. Div. 509). However, the Court of Appeals shortly thereafter held that when a plaintiff wife abandoned the prosecution of her action for separation she lost the right to enforce the payment of previously accrued alimony and counsel fees (*Carbulon* v. *Carbulon*, 293 N. Y. 375). In 1946 the Supreme Court of the United States also expressed the opinion that under New York law a wife had no vested right to accrued alimony which had not been reduced to judgment (*Griffin* v. *Griffin*, 327 U. S. 220). The State Legislature made this clear beyond dispute in its 1948 amendment to section 1171-b of the Civil Practice Act (L. 1948, ch. 212), by providing that the amount of accumulated arrears to which the wife was entitled could be modified in the court's discretion before judgment was entered. (See N. Y. Legis. Doc., 1948, No. 65[E].)

" All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted; and there being no action, the order for the payment of alimony necessarily fell " (*Matter of Thrall,* 12 App. Div. 235, 237, affd. 153 N. Y. 644). Plaintiff had no right to enter judgment in 1944 for the accrued temporary alimony. Defendant is not precluded from now challenging the judgment even though he made no effort to oppose it, for the dismissal of the action in 1940 deprived the court of the jurisdictional foundation on which the 1944 judgment was supposedly based (*Polizotti* v. *Polizotti,* 305 N. Y. 176, 179–180). The court was incorrectly informed that the action was still pending, but in actuality it had no power to proceed. The judgment having been entered without jurisdiction, it could be collaterally attacked or it could be vacated as was done here (*Kamp* v. *Kamp,* 59 N. Y. 212; *Pacek* v. *Ferrar,* 258 App. Div. 772). The time limitations of sections 521 and 528 of the Civil Practice Act providing for the vacating of judgments where there have been irregularities or errors in fact are applicable only to judgments rendered after trial (*Redfield* v. *Critchley,* 277 N. Y. 336; *Burckhalter* v. *Stasky,* 276 App. Div. 979), and there is no time limitation for vacating judgments for lack of jurisdiction (*Matter of Doey* v. *Howland Co.,* 224 N. Y. 30, 38; *Cooper Lbr. Co.* v. *Masone,* 286 App. Div.

879; *Langer* v. *Wiehl*, 207 Misc. 826). Special Term therefore properly vacated the 1944 judgment and denied plaintiff's application to enter judgment for alleged arrears from 1940 to date.

There being no showing that plaintiff ever received notice of any order in 1940 dismissing her complaint, the court would not even now be barred from exercising its discretion to relieve plaintiff of her default, but she must clearly set forth facts demonstrating that it was the result of " mistake, inadvertence, surprise, or excusable neglect " (Civ. Prac. Act, § 108). On the basis of the papers before it Special Term properly declined to open the default, for plaintiff failed to show why for a period of over 4 years she did nothing to bring her case on for trial, and why she allowed another 16 years to elapse before attempting to remedy the default. Plaintiff was represented by attorneys, and her assertion that the lawyer she retained for the first time in 1944 died in 1946 hardly constitutes an excuse or justification for her failure to proceed diligently prior to 1940, nor does it explain the absence of any effort thereafter to open the default. Accordingly, the orders appealed from must be affirmed, but plaintiff may, if so advised, renew her application to open the default upon proper papers showing an adequate and convincing excuse for the long delay.

RABIN, FRANK, VALENTE and BERGAN, JJ., concur.

Order vacating an order of the Supreme Court, New York County, entered February 14, 1955, referring the issues herein to an official referee, denying plaintiff's motion for entry of judgment and granting defendant's motion to dismiss the complaint, and order denying plaintiff's motion for reargument, unanimously affirmed, with leave to the plaintiff to renew her application to open the default upon proper papers. [See *post*, p. 662.]