Louis L. Friedman, J.
Defendant wife moves in the original action, by order to show cause, to vacate and set aside the final decree of annulment of marriage which was obtained in 1939 by her late husband, in an action brought by him. The application is made on the ground that the movant was never served with legal process in that action.
The said order to show cause provided for personal service of a copy thereof upon the attorney for plaintiff, upon Marie Marcussin “ Detzel,” who, presumably as the result of a marriage entered into with plaintiff following the granting of an annulment of his marriage to defendant, claims to be the lawful widow of the deceased plaintiff, and upon Saul D. ICasow, Esq., attorney for said Marie Marcussin “ Detzel.” It appears that pursuant to the order to show cause, which permitted service upon Marie Marcussin “ Detzel ” within or without the State of New York, a copy of said order to show cause was personally served upon Marie Marcussin “ Detzel ” in New Jersey, where she allegedly resides.
Defendant claims that she and her husband had separated in 1932 after eight years of marriage; that except for the period from 1942 to 1944, during which time he was interned in this country as an enemy alien, the' husband regularly contributed to defendant’s support and maintenance from the time of the separation of the parties is 1932 to the date of his death in *77 January, 1955; that on the occasions when she saw him during the period from 1932 to 1942 he referred to them only as having been “ separated.” She further claims that about the beginning of 1954 she began to hear rumors that her husband had married again and was living in New Jersey; that in December, 1954, she “finally” learned that he, who, according to her contention, never resided in Kings County, obtained a final decree of annulment of the marriage in the Supreme Court, Kings County. Defendant alleges further facts, designed to show that she was never served with process in the annulment action, and that fraud was committed upon the court in that the testimony which constituted the basis for granting the annulment was perjurious.
If the defendant was never served in the action brought by her husband and never entered an appearance therein, the judgment entered is void for lack of jurisdiction over the person of the defendant, and the court has inherent power to vacate a judgment so entered (Pacek v. Ferrar, 258 App. Div. 772). Such motion to vacate, on the ground of lack of jurisdiction, may be made at any time, and will not be defeated for laches since, if the judgment is a nullity, it cannot be made regular by a party’s delay in moving to vacate it (Flatbush Auto Discount Corp. v. Reich, 190 Misc. 817; Langer v. Wiehl, 207 Misc. 826; Cooper Lbr. Co. v. Masone, 286 App. Div. 879).
Nor does the death of plaintiff abate the action so as to preclude defendant from seeking relief by way of motion made in the action. Defendant’s right under the modern practice to attack the judgment of annuhnent after the death of plaintiff, by way of motion 'on notice to all interested parties, is recognized and sanctioned by recent judicial authority (Dye v. Dye, 93 N. Y. S. 2d 95; Angelo v. Angelo, 283 App. Div. 588). But such a motion may not be considered until a personal representative has been substituted in place and stead of the deceased spouse, as a party to the action (Angelo v. Angelo, 282 App. Div. 981).
To forestall any objection based on the foregoing ground, and it appearing that Marie Marcussin “ Detzel ” was, in July, 1957, appointed administratrix of the estate of Emil Detzel (the deceased plaintiff) by the Surrogate’s Court, Bergen County, State of New Jersey, defendant brings on a further motion, which seeks an order substituting Marie Marcussin “ Detzel,” as administratrix of the estate of Emil Detzel, deceased, as a party plaintiff in place and stead of Emil Detzel, deceased. This motion is opposed. The rule which governs an application to substitute a foreign representative in place and stead of a deceased party to- an action is set forth in Muller v. Muller *78 (6 A D 2d 891). In that case, the first wife obtained a judgment of separation in this State, with an allowance of alimony, in an action instituted by her husband. Thereafter, the husband obtained a divorce in California, and there remarried and died. The first wife, on motion made in the first action by order to show cause, a copy of which was served personally in California upon the administratrix there appointed of the estate of the former husband, obtained an order here, which, inter alia, directed that said administratrix be substituted in the separation action as plaintiff, in place and stead of her intestate. This was for the purpose of permitting a nunc pro tunc application to be made by the first wife for an increase in alimony on the ground that the intestate had concealed his true financial condition. The administratrix appeared specially on the return of the order to show cause, to contest jurisdiction of the court in this State. It appeared that there were no assets of the estate within this jurisdiction. The Appellate Division, Second Department, reversed the order of Special Term directing the substitution and denied the motion. The appellate court, in ruling that it was error to grant the wife’s request to substitute her deceased husband’s foreign administratrix for him as party to the separation action, absent a showing that there were assets of the estate within this State, stated the applicable rule as follows : “ A substitution such as is sought herein is allowable where the foreign representative, and not his opponent, seeks it (Kirkbride v. Van Note, 275 N. Y. 244; Helme v. Buckelew, 229 N. Y. 363; Neuberger v. Hart, 266 App. Div. 612), except where a determination as to a res within this jurisdiction is involved (Matter of Gantt [Hurtado & Cia.], 286 App. Div. 212; 2 Carmody-Wait on New York Practice, p. 13, § 2).”
The import of the foregoing rule, in its application to the instant case, is that a substitution such as is prayed for herein is alloAvable if it is for the purpose of seeking a determination as to a res within this jurisdiction. Since there appear to be no assets of the estate here, the question to be now determined is whether a proceeding which seeks a determination respecting the marital status of the parties by challenging the validity of a judgment affecting such status, constitutes a res within the meaning of the rule set forth above.
It is well established that: “ The res which is the subject-matter of 1 actions which are substantially in rem ’ is not in all cases tangible personal property which can be seized and the foundation of jurisdiction of the court is not always physical possession of the res. In matrimonial actions the ‘ res ’ is the marital status of a resident of the State, and to the extent that *79 the purpose of the action is to alter or affect that matrimonial status, the action is a 1 proceeding substantially in rem ’ * * * ” (Geary v. Geary, 272 N. Y. 390, 399, Rosenblum v. Rosenblum, 181 Misc. 78). It has also been held that where a judgment of annulment is procured in this State by fraud, the judgment insofar as a res remaining within this jurisdiction that the courts here, by virtue of control of such res, retain the power to entertain a suit to set it aside at the instance of the wronged party, and in such suit to permit constructive service of process upon the wrongdoer, if a nonresident (Everett v. Everett, 22 App. Div. 473 [2d Dept.]).
The view that a judgment rendered in a matrimonial action constitutes a res over which the court rendering such judgment continues to retain power, is one which has found adoption in other States (State ex rel. Sparrenberger v. District Court, 66 Mont. 496; Britton v. Bryson, 216 Cal. 362). There appears to be no case in New York which is directly in point, although other jurisdictions have held to the above view, and have applied it to a suit instituted by constructive service of process brought against a foreign representative of the deceased spouse who had obtained the judgment (Britton v. Bryson, supra). In the aforecited case the court wrote: “It is argued in the instant case that by virtue of the death of the husband, the res — that is to say, the marital status — ceased to exist, and any action involving the marital status of the parties must necessarily cease to be an action in rem and becomes one in personam. We do not think this necessarily follows. It is now well settled proof that the judgment of divorce was procured by extrinsic fraud (McGuinness v. Superior Court, 196 Cal. 222; Citizens’ Nat. Trust & Savings Bk. v. Tomb, 120 C. A. 438). It is evident, therefore, that regardless of the existence of the res — that is to say, the marital status — the' court had sufficient jurisdiction to render a valid judgment with reference thereto. It would seem, therefore, that the power to render such a judgment is based not upon the continued existence of the marital status, but upon the court’s control of its own records, and its inherent power to purge its records of judgments obtained by fraud, In other words, in such an action the res is not the marital status, which has ceased to exist, but the former judgment itself over which the court continues to retain power ” (Britton v. Byron, 216 Cal. 362, 369, supra).
The reasoning employed by the court in the Britton case applies with equal persuasiveness to the situation presented herein. It is to be noted, with respect to the decision in the Muller case which denied the substitution there sought, that that *80 case is distinguishable on the facts from the instant case in that the first wife, in the Muller case, was seeking to have the foreign administratrix substituted for the deceased spouse, as a party to the action, not for the purpose of obtaining a determination as to marital status or to attack a judgment affecting such status, but for the purpose of pursuing an application for an increase in alimony. In the former instance the relief sought would be in rem, while in the latter situation the relief sought is in personam (Geary v. Geary, 272 N. Y. 390, 399, supra; Jackson v. Jackson, 290 N. Y. 512).
In view of the above, the substitution herein sought will be permitted and the motion for such substitution nunc pro tunc is granted as prayed for.
It follows therefore that the court may determine the question of jurisdiction of the defendant, in the original action (Angelo v. Angelo, 282 App. Div. 981, supra). Whether such jurisdiction was acquired may only be determined, however, following a hearing as to whether service of process upon the defendant was effected in the annulment suit. Accordingly, the order to ‘be made and entered herein which directs substitution as herein-before indicated, may further provide that the parties are to appear before this court for a hearing on the question of service of process, on the 6th day of October, 1959, at 10 o’clock in the forenoon of that day. The motion to vacate will be held in abeyance until such hearing has been held. Settle order on notice.