Henry Epstein, J.
Plaintiff wife moves to punish the defendant for contempt for nonpayment of alimony pendente lite from 1952 to 1959 and for the entry of judgment for the accumulated arrears in alimony.
This action for separation was commenced in August, 1952. Issue was joined and the cause placed on the undefended matrimonial calendar. In October of the same year, plaintiff was awarded temporary alimony of $50 per week for her support commencing September 22, 1952. Upon defendant’s failure to pay any alimony from September 22, 1952 to December 8, 1952, or counsel fee, defendant was adjudged in contempt and ordered committed by this court in February, 1953. (The defendant was not arrested by the Sheriff until July, 1955, and discharged upon payment of the fine.)
In January, 1953 this action was referred to an Official Referee. Thereafter and on May 26, 1953, plaintiff’s lawyer advised this court by letter that his client went to Nevada for a divorce and requested the case be marked “ off ” the calendar. It was so ordered by this court on May 29, 1953. The plaintiff obtained her Nevada divorce on July 31, 1953.' No further proceeding was taken in the separation action. Over six years have elapsed since the case was marked “ off ” the calendar and the instant application.
The question now presented is whether, on such state of the record, the plaintiff is entitled to the relief requested.
The very purpose of alimony pendente lite in a separation action is to enable the wife to support herself. Her right to enforce payment of temporary alimony ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance or dismissal of the complaint (Polizotti v. Polizotti, 305 N. Y. 176; Carbulon v. Carbulon, 293 N. Y. 375; Matter of Thrall, 12 App. Div. 235, affd. 153 N. Y. 644). She also waives her right to punish the defendant for contempt (Polizotti v. Polizotti, supra; Quinn v. Quinn, 133 Misc. 266).
When, pursuant to plaintiff’s request, the case was marked “ off ” the calendar and not restored within one year thereafter, it is deemed abandoned and the complaint dismissed. (Rules *291 Sup. Ct., Spec. Terms, N. Y. County, rule VIII, subd. 8; Rules Civ. Prac., rule 302.) The rule being automatic and self-executing, plaintiff’s action was at an end May 29, 1954 (Wheelock v. Wheelock, 3 A D 2d 25). Moreover, plaintiff’s intent to abandon the separation action was emphasized by her going to Nevada for a divorce.
Accordingly, the motion is denied. Settle order.