■ KATHRYN C. SEITZ, Respondent, v. ALFRED J. SEITZ, Appellant.— Appeal from an order of a Special Term of the Supreme Court, Ulster County. At the time plaintiff's motion for alimony and counsel fees was made at Special Term, June 2, 1961, the matrimonial action was pending and proof submitted by plaintiff was before the court which, if accepted, would warrant a substantial allowance. No stipulation or order of discontinuance of the action was entered, but simultaneously on June 28, 1961, both attorneys wrote the Judge at Special Term stating the parties had adjusted their differences and requesting that he fix the counsel fees. This the Judge did, and fixed the sum of $1,500. Appellant does not make it a point on appeal that the amount is excessive; nor does he demonstrate from the record that if the Special Term accepted the plaintiff's proof rather than the defendant's a substantial allowance for counsel fees would not be warranted. The main complaint of the appellant on the argument of this appeal is that in writing to the Judge the statement by the lawyer for the wife that the husband had transferred $100,000 in securities to the wife was not warranted. An assertion appears in the appellant's brief, wholly unsupported by any proof in the record, that this is an inaccurate statement. Nothing appears in the record to suggest that if this statement is inaccurate this was ever called to the attention of the Judge at Special Term. When lawyers for

opposing parties write simultaneous letters to a Judge, he ought to be able to assume that the facts are correct and his resulting order should not be reversed as error on the basis of an argument made for the first time on appeal that what one of the letters says is wrong. Under the practice such a situation including a failure of the attorney for the wife to send his adversary a copy of his letter to the Judge and the question of authority of the attorney for the husband to request the counsel fee be fixed at that time should be corrected by appropriate application to Special Term and it still may be corrected by such an application. Order affirmed, with $10 costs, without prejudice to an application to the Special Term for reconsideration of the motion. Bergan, P. J., Gibson and Taylor, JJ., concur; Herlihy and Reynolds, JJ., dissent and vote to reverse and remit, in a memorandum by Herlihy, J.: The summons and complaint, with an order to show cause seeking alimony and counsel fees, were served on the defendant May 31, 1961. Upon return of the motion, the defendant was given additional time to serve affidavits. The answer and reply affidavits were served on June 9th and shortly thereafter and before any order was made or entered, a reconciliation between the parties was effected. Thereafter on June 28, 1961, the attorney for the plaintiff addressed a letter to the court advising that the parties had adjusted their differences, making the observation that defendant had transferred to his client a substantial amount of securities, and further stating that the attorney for the defendant and plaintiff had indicated their agreement that the court fix the fee for services. On the same date, the attorney for the defendant wrote a letter stating counsel fees had not been fixed, that a reconciliation had been effected and stating " I am wondering whether or not the Court would be in a position to fix the amount for services rendered by the plaintiff's attorney ". There was no exchange of these letters between the attorneys prior to the signing of the order by Special Term (July 6, 1961) which fixed the amount of the fee. There is no intimation in the record before us that the defendant husband knew or agreed to such procedure. . If such should be the fact, upon remittal, Special Term would have no jurisdiction to fix any fees following a reconciliation between the parties. (*Conklin* v. *Conklin,* 201 App. Div. 170, affd. 234 N. Y. 546; *Keane* v. *Keane,* 86 Hun 159 [1st Dept.]; *Pettet* v. *Pettet,* 61 N. Y. S. 2d 232; *Matter of Brackett,* 114 App. .Div. 257, affd. 189 N. Y. 502; *Quinn* v. *Quinn,* 133 Misc. 266; Ann., 45 A. L. R. 941.) The attorney is relegated to an action against the husband for the value of the services rendered to the wife in the prosecution of the separation action. (*Naumer* v. *Gray,* 41 App. Div. 361; *Holt* v. *Carr,* 170 Misc. 32, mod. on other grounds 258 App. Div. 772; *Quinn* v. *Quinn, supra.*) With deference to the decision of the majority, the subject matter herein involved goes considerably beyond whether Special Term should be affirmed or reversed. The letters from the respective attorneys disclose that a reconciliation was effected between the parties, the continuance of which is of far greater importance than the order involved. I am not suggesting Special Term was in error. However, it is apparent from the record on appeal that Special Term was beguiled into its decision. Defendant should have moved before Special Term for reconsideration of the order rather than appeal to this court but, under the unusual circumstances and in the interests of justice, the matter should be remitted to the Special Term for its further consideration. Accordingly, I vote to reverse and remit.