Terence McCracken, Respondent, *v.* William C. Flanagan et al., Appellants.

A sale of land on execution, issued upon a void judgment against the owner, in no way affects his title, and a subsequent conveyance by him is just as effectual as if the judgment had never in form been entered.

So also notice to the purchaser, when he took the conveyance, that another claimed title under the sale, does not operate as an estoppel against the former.

(Argued January 23, 1894; decided January 30, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas J. McKee* for appellants. The order of publication of the summons in *Cartan* v. *Kahle,* and of the sufficiency of the affidavit upon which the same was granted, cannot be questioned in this action. The judge granting the order being vested with jurisdiction to pass upon the sufficiency of the proof, if the proof was satisfactory to him the order cannot be impeached collaterally. (*Belmont* v. *Connen,* 82 N. Y. 259; *Carleton* v. *Carleton,* 85 id. 314; *Staples* v. *Fairchild,* 3 id. 46; *Cronter* v. *Cronter,* 133 id. 61; *Porter* v. *Purdy,* 29 id. 106.) The judgment of *Cartan* v. *Kahle,* under which the appellant claims title, cannot be attacked by the plaintiff (respondent) in this action. He was not a party to that action and no judgment can be attacked collaterally. (*Glacuis* v. *Fogel,* 88 N. Y. 440, 441; *Krekeler* v. *Ritter,* 62 id. 372; *Wottrich* v. *Freeman,* 71 id. 601; *White* v. *Merritt,* 7 id. 352; *Sheldon* v. *Wright,* 5 id. 497; *McCarthy* v. *Marsh,* Id. 263.) The respondent herein took title with full notice. All that

was required to be done by the statute was performed. (Code of Pro. §§ 132, 231, 232.) The respondent herein should not be permitted at this late day to disturb the title of innocent parties, who by reason of his neglect will be put to great loss and damage. (*U. N. Bank* v. *Kuffer*, 63 N. Y. 618.) Admitting that the judgment of *Cartan* v. *Kahle* was void and can be attacked collaterally in this action, yet a person claiming under the conveyance by the sheriff by reason of the execution issued under that judgment would hold a title adverse to the defendant therein (Kahle), and a conveyance by Kahle after such sale and the deed thereunder would be void under the statute. (*Christie* v. *Gage*, 71 N. Y. 194; *F. Bank* v. *Merchant*, 13 How. Pr. 10; *De Silva* v. *Flynn*, 9 Civ. Pro. Rep. 429; *Crary* v. *Goodman*, 22 N. Y. 170; *Higinbotham* v. *Howard*, 72 id. 94; *Dowley* v. *Brown*, 79 id. 390; *Stoddard* v. *Whiting*, 46 id. 627; *Gross* v. *Welwood*, 90 id. 638; *C. L. Co.* v. *K. Co.*, 37 Hun, 12; *Livingston* v. *Proseus*, 2 Hill, 529; *Church* v. *Schoonmaker*, 42 Hun, 225; *Pearce* v. *Moore*, 114 N. Y. 259; *Hamilton* v. *Wright*, 37 id. 506.) If the sale under that judgment was invalid by reason of any jurisdictional defect in obtaining the judgment, then the plaintiff has no cause of action. This action under the last-mentioned state of facts can only be maintained in the name of the grantor of the plaintiff. (Code Civ. Pro. § 1501.) The grantee of land held adversely to his grantor cannot bring an action in his own name to recover the land from the occupant thereof. He must, under section 1501 of the Code of Civil Procedure, bring the action in the name of his grantor. (*Chamberlain* v. *Taylor*, 105 N. Y. 197; *Church* v. *Schoonmaker*, 42 Hun, 225; *De Silva* v. *Flynn*, 9 Civ. Pro. Rep. 426; *Smith* v. *Long*, 3 id. 408; 12 Abb. [N. C.] 122; *Livingston* v. *Proseus*, 2 Hill, 528; *Johnson* v. *Snell*, 34 N. Y. S. R. 177; *Hamilton* v. *Wright*, 37 N. Y. 506.)

*Eugene S. Ives* for respondent. Every grant of lands is absolutely void, if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming

under a title adverse to that of the grantor, but the possession must be actual, not constructive. (*Dawley* v. *Brown*, 79 N. Y. 390.) It cannot be claimed that there is evidence that the sheriff had actual possession of the premises two years after his deed under the judgment. The judgment and sale were absolutely void and the attachment and levy, if there were any, became void thirty days after the warrant was issued.; for, by section 227 of the Code of Procedure, as amended by chapter 824 of the Laws of 1866, the action was never commenced. (*Kelly* v. *Countryman*, 15 Hun, 97.) For the same reason the *lis pendens* was of no avail at the time of the delivery of the deed from Kahle to the plaintiff. (Code of Pro. § 132.) The absence of anything to show that due diligence had been used, or would have been availing if used, is fatal to the sufficiency of the affidavit. (*Carleton* v. *Carleton*, 85 N. Y. 313.) In order that the affidavit may be upheld, it must be construed to contain some fact from which the judicial mind might determine that no amount of diligence would have been sufficient to enable the defendant to be found. There is nothing in the affidavit or in the order to show that a reasonable diligence would not have resulted in the personal service of the summons upon the defendant within this state. (*Bixby* v. *Smith*, 3 Hun, 60.)

Earl, J. This is an action of ejectment to recover certain land situated in the county of Westchester. The action has been twice tried. On the first trial there was judgment for the defendants, which was affirmed at the General Term. Upon further appeal to the Court of Appeals it was reversed and a new trial was granted. The action was again brought to trial before a judge without a jury and was submitted by both sides upon facts stipulated.

The plaintiff bases his title upon the following facts: Henry Kahle was seized in fee and possessed of the lands on the first day of December, 1867. On the 17th day of May, 1869, he conveyed the land to the plaintiff and Patrick McCracken. Patrick McCracken died leaving a will by

which he devised his interest in the land to the plaintiff, and thus the plaintiff claims to have become the sole owner of the land.   The defendants base their claim of title to the land upon the following facts: In January, 1867, an action was commenced in the Supreme Court by Lawrence Cartan and others against Henry Kahle for the collection of a debt claimed to be due them from him. In that action a warrant of attachment was issued to the sheriff of Westchester county, who levied upon the land in question.   At the same time notice of the pendency of the action and of the issuing of a warrant of attachment therein describing the land attached ·was filed in the office of the clerk of the county of Westchester.   Kahle did not appear in that action.   The summons was served upon him by publication and mailing, and not personally, without the state, in pursuance of an order granted upon an affidavit, copies of which affidavit and order are found in this record.   In May, 1867, judgment was entered in the action against Kahle for upwards of $1,100, and an execution was issued upon that judgment to the sheriff of Westchester county, and in pursuance thereof he sold the land to Lawrence Cartan on the 23d day of July, 1867, and filed his certificate of the sale in the office of the clerk of the county of Westchester on the 8th day of October, 1867.   Thereafter the sheriff executed and delivered to Cartan his deed of the premises bearing date January 25th, 1869, and recorded in the office of the register of the county of Westchester on the 18th day of April, 1870.   Afterwards Cartan, on the 17th day of July, 1871, conveyed the land to Edward A. Flanagan, and he entered upon and took possession of it.   On the 27th day of November, 1871, Flanagan conveyed the land to the defendants in this action, who thereupon entered upon and took possession of it, and have since been in continued and undisputed possession thereof.

Upon the prior appeal to this court the case came to argument in the Second Division, and its opinion is to be found in 127 N. Y. 493.   It was there held that the affidavit upon

which was granted the order of publication of the summons in the action of Cartan and others against Kahle, was insufficient to give the judge jurisdiction to make the order; that the judgment entered against Kahle by default, and the deed upon the sale of his property under that judgment were void, and that, therefore, the defendants in this action, claiming under that deed, had no title whatever to the land in dispute.

The facts upon the trial now under review are precisely the same as they were upon the first trial, and, therefore, the parties are concluded by the prior decision. The precise question as to the defendant's title was there decided which is now involved here. The court having held that the judgment was void, it had vitality for no purpose and could be assailed by any person who had an interest to assail it, or who could be affected by it. The judgment and the sale under it in no way affected Kahle's title, and his subsequent conveyance of the land was just as effectual as if the judgment had never in form been entered against him. We do not deem it proper to review the grounds of the former decision, and we rest our judgment thereon. It may be true that the plaintiff took his title to the land with notice of the claim of title made by the defendants and their grantors. But that notice does not operate as an estoppel against him. He found this land in the ownership, and, as we must assume, in the possession of Kahle, and knowing that the judgment and deed under which the defendants, claimed title were void, he had a right to take a conveyance of the land, and he thereby obtained a good title to it.

The further claim is made that the deed from Kahle to the plaintiff and his co-grantee was void because at the time of its execution the land was in the adverse possession of Cartan, the sheriff's grantee, who claimed title thereto. The difficulty with this contention is that there is nothing in the case to show that at the date of the deed under which the plaintiff claims, Cartan or any other person was in possession of the land, claiming to own the same. The record does not show that the land was in the actual possession of any one until more than

two years after the deed, under which the plaintiff claims, was executed by Kahle.

We are, therefore, unable to see the least ground for this appeal, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.