John F. Scileppi, J.
This is an action to declare null and void a judgment of the City Court of the City of New York, County of Kings, entered in February, 1940 and for incidental relief. Each of the five causes of action originally pleaded by the plaintiffs was challenged for legal insufficiency. Only the first cause of action was sustained; the remaining four were dismissed by order of this court, dated August 8, 1958, without leave to replead. The answer of the defendant Malone denied the material allegations of the cause of action which remained, and by way of defense asserted that “ The plaintiffs herein are chargeable with laches in that they did not move in the City *1056 Court of the City of New York, County of Kings to vacate the judgment within the one year period prescribed by Sections 108 and 521 of the Civil Practice Act.” Plaintiffs now move to strike said defense as insufficient in law.
The motion is granted not only because the defense fails to plead facts showing injury, change of position, intervention of equities, loss of evidence or other disadvantage resulting from delay (Feldman r. Metropolitan Life Ins. Co., 259 App. Div. 123, 125; Fritsch v. Rarback, 199 Misc. 356, 360-361), but because the defense of laches is unavailable in a case such as this where plaintiffs allege in their complaint that they were not “ served with the summons or a copy thereof and that the entry of judgment against the plaintiffs had been carefully concealed * * * until on or about the 4th day of March, 1958, a period of eighteen years after entry of the judgment. ’ ’
No judgment entered without service of process, in some form may bind the party against whom it has been rendered. (Reed v. Chilson, 142 N. Y. 152.) “ The want of jurisdiction makes the * * * judgment of the court, and the record of its action utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up collaterally or otherwise.” (Kamp v. Kamp, 59 N. Y. 212, 216.) Laches cannot defeat proceedings to vacate a judgment which is a nullity for lack of jurisdiction. (Flatbush Auto Discount Corp. v. Reich, 190 Misc. 817.)
The answer of the defendant Malone may be marked with reference to the order to be entered hereon.
Submit order.