EDWARD J. BOLLA et al., Appellants, *v.* HOWARD J. BLAUGRUND et al., Respondents.

Fourth Department, November 30, 1961.

*Foley & Scalzo* (*Richard A. Frye* of counsel), for appellants.

*Blaugrund & Grossman* (*Howard J. Blaugrund* of counsel), for respondents.

*Per Curiam.* The judgment of foreclosure and sale herein was granted September 16, 1960. The sale was scheduled for October 26, 1960. Notices of sale were posted in the proper places on September 16, 1960. Notice of sale was published once a week for six weeks, the last publication taking place October 24, 1960. Upon this sale the premises were struck down to Howard J. Blaugrund for the sum of $10,625. Thereafter the sale was completed and the deed delivered to the purchaser. It was then discovered that the provisions of section 986 of the Civil Practice Act had not been complied with, inasmuch as the sale had not taken place between the 42nd and 49th days after the first publication, but in fact had occurred on the 39th day thereafter. A motion was thereupon made by the purchaser on notice to the plaintiff only, to be relieved of the sale and to have his purchase price restored upon the ground that the defect was jurisdictional. On January 31, 1961, the court below granted the motion and set the sale aside. During the pendency of the purchaser's motion, the Referee made a motion on notice to all parties including the purchaser to cure or correct the defect. That motion was denied February 28, 1961. The appeal herein is from both orders. The court below appears to have felt constrained to follow this court's decision in *East Rochester Fed. Sav. & Loan Assn.* v. *Irons* (10 A D 2d 903). But in that action as distinguished from the instant case the movant was a party to the action and not the purchaser, and the decision was based primarily upon equitable considera-

tions, other than the irregularity in publishing the notice of sale, which are not present here.

The court below did not give adequate effect to section 109-a of the Civil Practice Act, as added by chapter 770 of the Laws of 1941. It is clear from the legislative history, that the section was enacted to override the decision in *Welhaven v. Kohn* (257 App. Div. 744, affd. 282 N. Y. 705) which had held that a short notice of sale was a jurisdictional defect. The statute makes such a defect a mere irregularity and takes it out of the category of jurisdictional defects. Under the statute, a party to the action may move, within one year after the sale, to set aside the sale because of the irregularity, but the sale may be set aside by the court only if it finds that the irregularity was "prejudicial to the rights" of the party. After the expiration of one year, the sale can no longer be attacked because of the irregularity.

The statute does not directly confer upon the purchaser any right to move to set aside the sale because of the irregularity. But, under general principles, "a purchaser of land under a decree of foreclosure is entitled to a marketable title" (2 Wiltsie, Mortgage Foreclosure [5th ed.], § 726). The purchaser need not complete the purchase if, at the time, the title was vulnerable to attack by a party to the action. The purchaser would have the right to show, if he could, that a party to the action had been prejudiced by the defect in the publishing of the notice of sale and that there existed a reasonable probability that the party within the year might successfully apply to set the sale aside under section 109-a for such irregularity because of the prejudice to him. But in this case there was no such demonstration by the purchaser. On the contrary, it is clear that the irregularity did not cause any prejudice to any party to the action and that therefore there was no risk that the sale would be set aside at the instance of any party. All the parties were given notice of the Referee's application to cure the defect and none of them entered any objection. It should also be noted that one year from the date of the sale expired on October 26, 1961, so that all parties are now foreclosed from moving to set the sale aside.

In view of the conclusion here reached, it may not be necessary to enter any further order such as that sought by the Referee, curing or correcting the irregularity. However, since some of the parties were not given notice of the purchaser's motion, whereas all of them were before the court on the Referee's application, the Referee's application should be granted in order to avoid any possible question, and an order

entered declaring that the defect was a mere irregularity which did not cause any prejudice to any party and that the sale is in all respects valid.

All concur. Present — WILLIAMS, P. J., HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously reversed, without costs of this appeal to any party and motion [by purchaser respondent] denied, without costs.

Order unanimously reversed, without costs of this appeal to any party and motion [by Referee] granted, without costs.