W. VntOBXT Gtbady, S.
In a proceeding brought in May, 1961, the executor seeks to reopen the final decree settling the account of proceedings of Ruth Arnold Schlude (now Coffey) as administratrix etc., of Richard H. Arnold, deceased and to fix the amount due the Zeigler estate. This is based upon the claim that the court failed to obtain jurisdiction in that proceeding over the Zeigler estate and entered an incomplete decree insofar as that estate was concerned.
Neither the petition for settlement nor the citation issued in that proceeding complied with applicable provisions of the Surrogate’s Court Act. The petition complied with neither the mandatory nor the discretionary provisions of section 51 of the Surrogate’s Court Act with respect to setting forth the names of all persons interested in that proceeding and facts concerning interested infants. Two of the legatees of the Zeigler estate were infants. 'Similarly, the citation was defective in that it failed to cite any of the distributees of Maria Zeigler in accord *1071 anee with sections 53, 54 and subdivision 10 of section 262 of the Surrogate’s Court Act. A new temporary administrator could have been appointed and cited, but this was not done. No copies of the citation were mailed to any of Maria Zeigler’s legatees with the exception of Archibald B. MacKennan. The petition purported to name the survivor of two executors named in the Zeigler will, but since he had not been appointed, and since the petition purported to name him in his individual rather than his representative capacity, this would not have been sufficient service upon the estate. (Rathbone v. Hooney, 58 N. Y. 463, 467.) Moreover, even if such service were binding upon Archibald B. MacKennan in his individual capacity, he is not the residuary legatee of the Zeigler will, and he filed a renunciation of any right to a legacy or commissions under this will.
In the light of these facts, the decree of July 30,1943, to which the .surety was a party, must be set aside as to the Zeigler estate. (Fisher v. Banta, 66 N. Y. 468.) It was also incomplete with respect to the Zeigler estate in that it failed to establish the amount due the Zeigler estate. The right of the court to reopen the decree under these circumstances is clear. (Matter of Jagnow, 148 Misc. 657.)
The surety in its answer to the petition has alleged, among other things, that the issue is moot inasmuch as Bichard Arnold died insolvent; that the Statute of Limitations and laches of the executor are a bar; and that Charles W. H. Arnold, the original administrator of his father’s estate, and his surety are necessary parties to this proceeding.
The proceeding is not moot because Bichard Arnold’s defaults with respect to the estate of Maria Zeigler were bonded. The Statute of Limitations and laches are not a bar to a proceeding to reopen a void decree. (Kamp v. Kamp, 59 N. Y. 212; Langer v. Weihl, 207 Misc. 826.) And in any event, the surety’s answer does not allege, and there is no proof of, any detriment to the surety as a result of the delay. The statutory limitations in sections 521 and 528 of the Civil Practice Act with respect to reopening defective decrees are not applicable here. Charles W. H. Arnold is not a necessary party because he was suspended as administrator for military service pursuant to section 103-a of the Surrogate’s Court Act and never reinstated. His surety was properly relieved of the obligation on its bond and is not a necessary party here.
The petition will therefore be granted and the decree of July 30,1943 will be set aside to the extent that the decree and Schedule D of the account on which it is based be deemed modified to include the following provision: “And it is further ordered, *1072 adjudged and decreed that the administratrix pay to the executor of the estate of Maria Zeigler out of the balance of the funds, if any, remaining in her hands, the sum of $3,320.52 with interest thereon at the rate of 6% per annum from the date of the last withdrawal, December 17,1938, to the date of payment and that the account be modified, approved and settled accordingly.”