■ In the Matter of ABRAHAM SCHWARTZ, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

## (June 18, 1964)

■ UNITED STATES CASUALTY COMPANY, Respondent, v. THEODORE JUNGREIS et al., Appellants.— Order, entered on November 1, 1963, denying defendants-appellants' motion to dismiss for legal insufficiency the third amended complaint as to such defendants, involving the second to sixth causes of action, unanimously modified, on the law, to the extent of dismissing the third, fourth, and fifth causes of action, and to that extent the motion is granted, otherwise the order is affirmed, with costs of the appeal and motion to defendants-appellants. In surety bond and third-party beneficiary contract terminology the creditor or obligee is the township. Since plaintiff surety company paid the township, it is subrogated to the rights of the township, but no more. It is not subrogated to the rights of the principal Talacre against third persons. (*State Bank of Albany* v. *Dan-Bar Contr. Co.*, 12 A D 2d 416, 418, affd. 12 N Y 2d 804; Restatement, Security, § 141; Simpson, Suretyship, § 47.) Hence, the fourth cause of action, dependent upon subrogation to Talacre's rights, is legally insufficient. Furthermore, since there is no basis in the complaint or documents to establish any direct third-party beneficiary right in favor of plaintiff surety company, the third and fifth causes of action are legally insufficient. Defendants and Talacre were not contracting for the benefit of plaintiff surety company nor were their agreements to discharge any obligation of Talacre to the surety company (Restatement, Contracts, §§ 135–136). But, if defendant Thomas-Wilton Corp. assumed the obligation of Talacre to render the performance due the township, the township could, as third-party creditor beneficiary, enforce the assumption agreement against defendants-appellants (*Nicholson* v. *300 Broadway Realty Corp.*, 7 N Y 2d 240, 246–248; Restatement, Contracts, §§ 133, 136; cf. Third Party Beneficiary on a Contractor's Surety Bond, 27 Ford. L. Rev. 262, 268–271). Straining to give this complaint every fair inference and intendment, the second and sixth causes of action arguably suffice to allege an assumption agreement by defendants, as obligors and guarantors, enforcible by plaintiff surety company as subrogee of the township. Since third-party beneficiary rights include the right to reformation, the second cause of action is sufficient (see 6 N. Y. Jur., Reformation of Instruments, § 34). However, it is quite unclear from the documents themselves whether defendants as obligors and guarantors assumed Talacre's obligation to perform or whether their undertaking was restricted to indemnifying Talacre. In other words, it is not clear whether defendants-appellants undertook that the agreement of Talacre with the township would be performed, or whether it was intended to confer on the grantee, Thomas-Wilton Corp., the option to perform or to pay the amount of the indemnity bond. Additional evidence of the surrounding circumstances, which is necessary in this case, may be taken (10 N. Y. Jur., Contracts, § 220). Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.