■ TODD SUPPLY, INC., Appellant, v RONALD HODGKISS, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Duskas, J.), entered October 17, 1986 in St. Lawrence County, which denied plaintiff's motion to vacate a Sheriff's sale of real property.

In October 1984, plaintiff obtained a default judgment against defendant for $3,596.79, which judgment was duly docketed in the office of the St. Lawrence County Clerk. Thereafter, plaintiff delivered a real property execution to the St. Lawrence County Sheriff for the sale of a 55-acre parcel of land owned by defendant. Plaintiff was the sole bidder and purchased the parcel at sale, subject to an existing mortgage, and on August 2, 1985 received a deed to the property from the Sheriff. Thereafter, plaintiff discovered that the Sheriff failed to give defendant notice of the sale in accord with CPLR 5236 (c), which provision requires service pursuant to CPLR 308. It appears that the Sheriff simply provided service by registered mail, return receipt requested. By order to show cause dated September 3, 1986, plaintiff moved to set aside the sale for lack of proper notice to defendant. In the interim, as stated in plaintiff's brief on this appeal, the mortgagee bank completed a foreclosure on the property during the summer of 1986 and a minimal deficiency remained. Supreme Court denied plaintiff's motion, finding that the defective notice did not compromise the title to the parcel since no objections were raised within one year of the sale (CPLR 2003). The court

further noted that plaintiff's title was protected by CPLR 5236 (c), which provides that a defect in notice does not affect the title of one who purchases without notice of the defect.

We affirm. There is no question that plaintiff was entitled to receive marketable title to the parcel *(see, Bolla v Blaugrund,* 14 AD2d 417, 419). But as Supreme Court aptly observed, a challenge to the sale premised on a defective notice is foreclosed one year after the date of the sale (CPLR 2003; *see, Guardian Loan Co. v Early,* 47 NY2d 515, 520; *Shaw v Russell,* 95 AD2d 977, *affd* 60 NY2d 922; *Levine v Berlin,* 46 AD2d 902, 903; *Bolla v Blaugrund, supra,* at 419; *see also,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2003.02). CPLR 5236 (c) further protects plaintiff, for although plaintiff acknowledges receiving the proof of notice from the Sheriff (CPLR 5236 [f]), plaintiff has averred that the defect in notice was not discovered until well after the sale *(see, May v Finnerty,* 104 Misc 2d 450, 451). Nor has defendant raised any objections warranting the court to exercise its inherent equitable power to vacate the sale *(see, Guardian Loan Co. v Early, supra,* at 520-521). In sum, plaintiff received marketable title via the Sheriff's deed and Supreme Court properly refused to vacate the sale.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.