■ CLINT GALBRAITH et al., Respondents, v LOUIS P. GUIDA et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 5, 1989, which granted the motion of defendants Louis P. Guida and Morton Finder to dismiss the complaint pursuant to CPLR 3211 (a) (10) only to the extent of dismissing the sixth cause of action, unanimously modified, on the law, to also grant the motion to dismiss the seventh and eighth causes of action, unless plaintiffs, within 30 days from the date of entry of this court's order, join Saratoga Standardbreds, Inc. (Saratoga) as an additional party defendant, and otherwise affirmed, without costs.

In this latest in a long line of legal disputes arising from the syndication and management of the career at stud of the renowned standardbred stallion Niatross, the 1980 harness

horse of the year, defendants moved to dismiss all nine causes of action on the ground that the now-bankrupt syndicate manager, Saratoga, should be joined as a necessary party pursuant to CPLR 1001. The IAS court granted the motion as to the sixth cause of action, which alleged that Saratoga and defendant Guida were guilty of commercial bribery. It should have granted the motion as to the seventh and eighth causes of action, which seek the equitable remedies of judicial reformation or rescission of the purchase syndicate agreement and the purchase and management agreement so as to exclude any provision for the further compensation of defendants Guida, Finder and Finder/Guida Enterprises, Inc. for acting or purporting to act as the syndicate manager and to remove any provision whereby said defendants may further act or purport to act as syndicate manager. Since Saratoga has a property right in the syndication of Niatross as the successor syndicate manager, which right was assigned to it by the designated defendants, it must be joined as a necessary party to any cause of action seeking to rescind or reform the agreements from which its rights arise. Fundamental principles of due process require that a person may not be deprived of property without being accorded notice and an opportunity to be heard. *(See, Friedman v Friedman,* 125 AD2d 539.) Rather than dismissing the seventh and eighth causes of action outright, however, plaintiffs should first be given an opportunity, if so advised, to join Saratoga as a party defendant to those causes. *(See,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34, at 38.) Since plaintiffs have not cross-appealed from the dismissal of the sixth cause of action, we leave that unconditional dismissal undisturbed.

We have considered defendants' other contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.