■ MANUEL HENRIQUES, Respondent, v DeSOTO REALTY CORP. et al., Appellants.—In an action for a judgment declaring two deeds to certain real property to be void, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Burstein, J.), entered September 14, 1989, which granted the plaintiff's motion for summary judgment, denied their cross motion for summary judgment, and declared the deeds void.

Ordered that the order and judgment is modified, on the law, by deleting the first and third decretal paragraphs thereof, and substituting therefor a provision denying the plaintiff's motion for summary judgment; as so modified, the order and judgment is affirmed, without costs or disbursements.

This case arises out of a default judgment entered in 1975 against the plaintiff in the District Court, Nassau County. Pursuant to this judgment, a judicial sale occurred in 1978 and the defendant DeSoto Realty Corp. purchased the plaintiff's interest in certain residential real property which he held as a tenant by the entirety. Subsequently, DeSoto Realty Corp. transferred that interest to itself and the codefendant through a separate deed. In 1988, after the District Court, Nassau County, agreed to stay enforcement of the default judgment in the interest of justice, the plaintiff and his original creditor Yellow Book Corp. entered into a stipulation discontinuing the action against him.

Thereafter, the plaintiff commenced the instant action seeking a declaration that the defendants' deeds were void. After a motion and cross motion were served, the plaintiff and the Yellow Book Corp. withdrew their stipulation of discontinuance and a brief trial followed. Finding that Yellow Book Corp. failed to sustain its burden of proof, the District Court vacated the default judgment and dismissed the complaint against the plaintiff. In light of this vacatur, the Supreme Court granted the plaintiff summary judgment, denied the defendants summary judgment, and declared that the defendants' deeds were void. Because we find that questions of fact exist, we now modify.

. In *Roosevelt Hardware v Green* (72 AD2d 261), this court held that "a Sheriff's deed may be voided only where the vacatur of the underlying judgment reflects an impropriety at the time the judgment is obtained" *(Roosevelt Hardware v Green, supra,* at 265). Here, as the Supreme Court remarked in its decision, there is evidence that the plaintiff and his creditor may have engaged in collusion in obtaining the judgment of the District Court, Nassau County, vacating the 1975 default judgment of that same court. Accordingly, it is unclear whether the vacatur reflects an "impropriety at the time the judgment [was] obtained".

We also reject the plaintiff's contention that he is entitled to summary judgment on the ground that there were "irregularities" with the judicial sale, as he has failed to demonstrate how he was prejudiced as a result *(see, Levine v Berlin,* 46 AD2d 902; *Bolla v Blaugrund,* 14 AD2d 417). In any event, these claims are time barred *(see,* CPLR 2003; *Todd Supply v Hodgkiss,* 133 AD2d 1006). Nor is he entitled to summary judgment simply because of any disparity between the purchase price paid by the defendant DeSoto Realty Corp. at the

judicial sale and the property's market value *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 520).

In light of these findings, we decline to address the defendants' remaining contentions. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.