■ MILTON BERLIN et al., Appellants, v ROSE J. SORDILLO, Also Known as ROSE J. COZZA et al., Defendants, and VINCENT SORDILLO, Intervenor-Respondent.

The real property that is the focus of this appeal is situated in Bellmore, New York. It was the former marital residence of the defendant Rose J. Sordillo and the intervenor Vincent Sordillo. The Sordillos were separated in 1971 and were divorced in 1983.

In 1971, Thomas DeVivo obtained a default judgment against Vincent Sordillo in the Nassau County District Court in the amount of $3,320.60. The default judgment was docketed in the Nassau County Clerk's office in January 1972, and execution thereon was made by the Nassau County Sheriff who, on December 11, 1981, sold Vincent Sordillo's interest in the property at public auction to the plaintiff Benjamin Travitsky for $4,650. Travitsky thereafter conveyed the one-half interest in the Bellmore property to himself and to the plaintiff Milton Berlin as tenants in common. The two plaintiffs were thus co-owners of the property with the defendant Rose Sordillo.

In 1986 the plaintiffs commenced the instant action in Supreme Court, Nassau County, seeking, *inter alia,* partition of the Bellmore property. They alleged that Rose Sordillo had been collecting rents from the property but that she had failed to remit to the plaintiffs their share thereof. Rose Sordillo denied the allegations of the complaint and the matter was referred to a referee to hear and report. After extended proceedings the referee issued a report, *inter alia,* recommending that the Bellmore property be sold to effectuate the partition.

While the partition action was pending before the referee, Vincent Sordillo moved before the Nassau County District Court, Second District to vacate the 1971 default judgment against him by Thomas DeVivo. A hearing on the issue of proper service was held before District Court Judge Geoffrey O'Connell who, on May 25, 1989, granted the motion based on the uncontroverted testimony of Vincent Sordillo that he had never been served with a summons and complaint in the action. Judge O'Connell was expressly told by counsel for Mr. Sordillo, that the movant's interest in the property had been sold at a sheriff's sale.

Having obtained vacatur of the 1971 default judgment prior to the confirmation of the referee's report in the partition action, Vincent Sordillo moved before the Supreme Court to intervene in the partition action. He alleged that the vacatur of the jurisdictionally defective 1971 default judgment mandated that the sheriff's deed, executed to satisfy that judgment, was void. He thus sought to interpose a proposed counterclaim against the plaintiffs for dismissal of their complaint. Mr. Sordillo, in his proposed answer and counterclaim, offered to reimburse the plaintiffs for moneys expended in purchasing his interest in the Bellmore property.

The plaintiffs opposed Vincent Sordillo's intervention motion on numerous grounds. Relevant to the issues raised on this appeal, the plaintiffs argued that they should have been given notice of the motion before the District Court to vacate the default judgment as their property rights were affected thereby. Had they been given notice, the plaintiffs alleged, they could have defended against the motion to vacate by showing the District Court that Vincent Sordillo had perjured himself and that he was guilty of laches.

The Supreme Court was not persuaded by the plaintiffs' arguments. It granted Vincent Sordillo's motion to intervene, and determined that because the default judgment had been obtained without personal jurisdiction over Vincent Sordillo, it was void. The District Court's vacatur thereof rendered the sheriff's deed similarly void. Therefore, the court directed the plaintiffs to submit proof of their acquisition costs and legal expenses relevant to the partition action and once Vincent Sordillo paid these amounts "to make them whole", the sheriff's deed would be vacated. The plaintiffs now appeal.

It is well settled that a court is without power to render a judgment against a party over whom the court lacks jurisdiction. A judgment rendered without jurisdiction is void (see, *Royal Zenith Corp. v Continental Ins. Co.*, 63 NY2d 975). Furthermore, when a sheriff's deed is issued in execution upon such a void judgment, that deed is similarly void (*McCracken v Flanagan*, 141 NY 174; *Kamp v Kamp*, 59 NY 212; *Matter of Rudgers*, 250 App Div 359; *see generally*, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.10; 73 NY Jur 2d, Judgments, § 201).

The plaintiffs nevertheless contend that they should have been given notice of Vincent Sordillo's application before the District Court because they could have defended against vacatur by showing that Vincent Sordillo was guilty of perjury and laches.

It is clear that a defense of laches could not be interposed to defeat the vacatur of a void default judgment obtained in the absence of jurisdiction *(see, Foley Mach. Co. v Amaco Constr. Corp.,* 126 AD2d 603; *Matter of Roberts,* 19 AD2d 391; *Wheelock v Wheelock,* 3 AD2d 25, 27, *affd* 4 NY2d 706; *Matter of Arnold,* 40 Misc 2d 1069, 1071; *Citarella v Malone,* 14 Misc 2d 1055; *Langer v Wiehl,* 207 Misc 826, 829; *Ross v Ross,* 215 NYS2d 905; *Flatbush Auto Discount Corp. v Reich,* 190 Misc 817, 818). Stated simply, "laches cannot confer upon a court jurisdiction it does not have" (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 5015, at 578).

This court's decision in *Roosevelt Hardware v Green* (72 AD2d 261), upon which the plaintiffs rely, is not to the contrary. In that case, the default judgment taken against the defendant Green was vacated on consent. Because there had thus been no judicial determination that the default judgment had been improperly obtained, the sheriff's deed was sustained *(see, Henriques v DeSoto Realty Corp.,* 170 AD2d 577). The court thus held: "[D]espite the continuing viability of the rule set forth in *McCracken* (141 NY 174, *supra),* a Sheriff's deed may be voided only where the vacatur of the underlying judgment reflects an impropriety at the time the judgment is obtained. *McCracken* has no applicability where a default judgment is vacated on consent" *(Roosevelt Hardware v Green, supra,* at 265).

Clearly *Roosevelt Hardware* has no applicability to this case where the default judgment was not vacated on consent, but rather was vacated by the court that had issued it on the ground that it was jurisdictionally defective when it was obtained. Accordingly, laches would not bar the vacatur of the void default judgment at bar.

However, with regard to the plaintiffs' perjury claim we find that the plaintiffs should not be divested of their interest in the subject property without first having an opportunity to contest Vincent Sordillo's claims that he was not served with process in the District Court action which resulted in the default judgment. It is clear that the object of Vincent Sordillo's legal actions was the recovery of his property interest in the Bellmore property. At the time of Vincent Sordillo's motion to vacate the 1971 default judgment, the District Court was aware that the property had been sold at a sheriff's sale and the record further suggests that Vincent Sordillo may have been less than forthright in his representations before the District Court. Had the plaintiffs been afforded an opportunity to cross examine Vincent Sordillo at the hearing in the

District Court or otherwise attempt to prove that he had in fact been served, they might have been able to defeat the vacatur motion and thereby protect their property rights.

Clearly the plaintiffs, as the current owners of the property Vincent Sordillo was trying to recover, were "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment" (CPLR 1001 [a]). The plaintiffs would thus appear to fall within the statutory definition of necessary parties *(see, Galbraith v Guida,* 161 AD2d 206). The vacatur of the default judgment in the absence of these necessary parties was clearly improper *(see, Matter of Sahler v Callahan,* 92 AD2d 976). Indeed, as to the plaintiffs, whom the District Court effectively divested of their property rights, the vacatur of the default judgment was itself effectuated without jurisdiction and was thus void *(cf., McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624). Accordingly it is subject to collateral attack *(see, Royal Zenith Corp. v Continental Ins. Co.,* 63 NY2d 975, 977, *supra).* As such, upon *remittitur,* the Supreme Court should determine *de novo,* whether or not the plaintiffs have any legitimate basis to defeat the vacatur of the default judgment *(cf., Henriques v DeSoto Realty Corp.,* 170 AD2d 577, *supra).* Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.