■ APEX TWO, INC., Respondent, v CHARLES F. TERWILLIGER, SR., et al., Respondents, and ROGER T. STUDER et al., Appellants. (And Two Third-Party Actions.) [621 NYS2d 197] —Crew III, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered August 3, 1993 in Broome County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered August 3, 1993 in Broome County, which denied the motions of defendants Roger T. Studer and Vicki Studer and third-party defendant Bernstein, Gitlitz and Sukloff for renewal and reformation of a mortgage agreement.

On March 31, 1987, plaintiff extended a $14,000 loan to defendants Charles F. Terwilliger, Sr. and Helen M. Terwilliger. The note executed by the Terwilligers was secured by a mortgage lien on certain real property owned by the Terwilligers and located in the Town of Kirkwood, Broome County. The first parcel was located on Main Street and was used by

the Terwilligers as their residence,[1] while the second parcel, which was undeveloped, was located on U.S. Route 11. Although the Terwilligers apparently intended the loan to be secured by the Main Street property, the recorded mortgage contained the metes and bounds description for the Route 11 parcel. Thereafter, by deed dated April 26, 1988, the Terwilligers conveyed the Route 11 property to defendants Roger T. Studer and Vicki Studer. The Terwilligers' counsel for this transaction, the law firm of Bernstein, Gitlitz and Sukloff (hereinafter the attorneys), provided the Studers with an abstract of title that contained no reference to the previously recorded mortgage on that parcel.

When the Terwilligers defaulted upon their loan, plaintiff commenced this foreclosure action against the Terwilligers and the Studers.[2] The Studers answered, cross-claimed against the Terwilligers and commenced a third-party action against the attorneys. Charles Terwilliger appeared and waived, with certain exceptions, service of further papers in this action and commenced a third-party action against the attorneys.[3] Plaintiff subsequently moved for and was granted summary judgment. The attorneys thereafter moved for renewal and reargument of Supreme Court's prior decision in this matter, and the Studers cross-moved for renewal and reformation of the mortgage. Supreme Court denied the respective motions and these appeals ensued.

We affirm. Initially, we agree with Supreme Court that the defense of reformation has been waived.[4] CPLR 3018 (b) provides that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise

---

1.  The precise ownership of this parcel is less than clear. Although the deed for this property lists Charles Terwilliger as the sole owner, he has averred that he and Helen Terwilliger owned the property jointly and the record indicates that both of them signed the mortgage in question.

2.  At some point thereafter, the Terwilligers apparently defaulted upon the mortgage for the Main Street property, resulting in its conveyance to Transamerica Credit, which is not a party to this or any of the related third-party actions.

3.  Helen Terwilliger failed to appear.

4.  With regard to the attorneys, because they are neither parties to the mortgage (see, 16 NY Jur 2d, Cancellation & Reformation of Instruments, §§ 54, 55, at 358), intended beneficiaries thereof (see, United States Cas. Co. v Jungreis, 21 AD2d 769; 16 NY Jur 2d, Cancellation & Reformation of Instruments, § 55, at 358-359) nor in privity of estate with any party thereto (see, Hart v Blabey, 287 NY 257, 264; 16 NY Jur 2d, Cancellation & Reformation of Instruments, § 56, at 359), they lack standing to seek reformation of the mortgage.

or would raise issues of fact not appearing on the face of a prior pleading", and the failure to do so operates as a waiver (see generally, Munson v New York Seed Improvement Coop., 64 NY2d 985, 986-987; Counties of Warren & Wash. Indus. Dev. Agency v Boychuck, 109 AD2d 1024, 1026, lv denied 65 NY2d 603). A review of the relevant pleadings reveals that the defense of reformation was not so raised and, as such, it has been waived.

Moreover, even assuming such a defense properly had been raised, we are of the view that reformation would be inappropriate. As a starting point, we note that in seeking reformation of the mortgage instrument, the Studers are attempting to encumber the Main Street parcel, which is now owned by Transamerica Credit. As noted previously, Transamerica Credit is not a party to these actions. Inasmuch as "an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard" (Friedman v Friedman, 125 AD2d 539, 541; see, Galbraith v Guida, 161 AD2d 206, 207), the failure to join Transamerica Credit as a necessary party (see, CPLR 1001 [a]) militates against reformation. Additionally, after giving due consideration to the consequences that would ensue if such relief were granted, we are persuaded that a balancing of the equities does not favor reformation under the circumstances present here. The remaining arguments advanced on appeal, including the assertions that Supreme Court abused its discretion in denying the Studers' cross motion to renew and that plaintiff failed to demonstrate its entitlement to foreclosure as a matter of law, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.