■ LEONARD WINCHELL et al., Respondents, v RICHARD CARON et al., Appellants. [688 NYS2d 796] —Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Dier, J.), entered January 7, 1998 in Washington County, which, in an action pursuant to RPAPL article 15, determined that plaintiffs are the title owners of certain property.

The parties own adjoining parcels of land in the Town of Granville, Washington County. By this RPAPL article 15 action, plaintiffs seek a determination that they are the owners in fee simple of an area of land located between the two parcels. Plaintiffs purchased their property in 1993 from the estate of Thomas Bassett and defendants acquired their parcel, located to the south of plaintiffs' land, in 1989 via an installment contract.

A nonjury trial was held at which plaintiffs offered, among other things, the testimony of their surveyor, Thomas Martin, a survey map he produced which placed the disputed area within plaintiffs' lot, and their deed; this deed, the only one offered at trial, does not contain a metes and bounds description of plaintiffs' property. Defendants supported their claim through the testimony of defendant Richard Caron and two of his neighbors. Supreme Court awarded the disputed area to plaintiffs, prompting defendants, who were ordered to remove several encroachments, to appeal.

We find Supreme Court's determination amply supported by the record evidence (see, Osland v Supnick, 202 AD2d 712, lv denied 83 NY2d 758). The record discloses that Martin's survey—the evidentiary linch pin—was the product of his review of plaintiffs' deed, the deeds of surrounding property owners, a map prepared in conjunction with a prior survey and a visit by Martin to the property. Martin explained that based upon this information he arrived at the boundary which placed the disputed property on plaintiffs' land. Although defendant now urges that Martin's survey was improperly admitted into evidence, our review of this contention is foreclosed, for defendants failed to object to its admission at trial (see, Hecla Powder Co. v Sigua Iron Co., 157 NY 437, 441; see also, Prince, Richardson on Evidence § 1-201, at 5).

In opposition to plaintiffs' proof, defendants offered only the testimony of Caron and two neighbors who in essence testified as to where they believed the boundary line to be. Although this Court is vested with broad discretion to review Supreme

Court's findings and to award the judgment the court should have granted (*see, Kandrach v State of New York*, 188 AD2d 910, 912-913), in light of the foregoing there is no reason to disturb Supreme Court's determination.

Defendants also argue that they obtained the disputed area through adverse possession. We decline, however, to reach this issue as adverse possession is an affirmative defense and defendants waived it, having failed to assert it in their answer (*see*, CPLR 3018 [b]; *Apex Two v Terwilliger*, 211 AD2d 856, 857-858). Were we to consider it, we would nevertheless reject it, inasmuch as the necessary elements of adverse possession were not proved (*see generally, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159). Defendants' proof in this regard, namely that they picked grapes from a preexisting grapevine and sporadically planted potatoes and the like, even if fully credited, does not establish that they "usually cultivated or improved" the property at issue (RPAPL 522 [1], [2]; *see, Krol v Eckman*, 256 AD2d 945). Nor was there proof that defendants substantially enclosed the property (*see, id.*).

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.