■ Jacinthe Rouleau, Also Known as Jacinthe La Pointe, Respondent, v Germain La Pointe, Appellant. [784 NYS2d 162]—

Kane, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 11, 2003 in Ulster County, upon a decision of the court in favor of plaintiff.

The parties never married, but cohabited for many years and had three children together. In 1991, the parties entered into an

oral stipulation on the record settling an action regarding their rights as a result of their relationship. The stipulation provided for defendant's support of the children, his payment of a past due amount for medical expenses, the parties' equal liability for the mortgage on a jointly-owned residence, and defendant's support of plaintiff in the form of an employment or consulting agreement to be reduced to writing separately. In 1995, defendant petitioned for bankruptcy, with notice to plaintiff as a codebtor and creditor, resulting in a Bankruptcy Court order discharging defendant of his debts.

Plaintiff commenced this action seeking to recover for defendant's breach of the stipulated agreement. After defendant failed to answer the complaint, Supreme Court granted plaintiff a default judgment and held an inquest, at which defendant appeared with counsel and participated. Following the inquest, in October 1999, the court issued a decision and order assessing damages for child support, delinquent mortgage payments, and unpaid medical expenses, but found the consulting agreement unenforceable. The court also ordered plaintiff to submit a bill of costs within 15 days of receiving the order and to file the judgment within 15 days thereafter. In July 2000, plaintiff submitted the bill of costs and the judgment with notice of settlement to defendant, which was signed by the court without objection in September 2000 but not entered until August 2003. Defendant appeals.

Initially, based on defendant's failure to object to the signing of the judgment in 2000, he has failed to preserve for appeal his argument that Supreme Court should not have signed the judgment because it was submitted after the 30 days permitted in the order and after the 60-day period prescribed by 22 NYCRR 202.48 (*see McCue v McCue*, 225 AD2d 975, 976 [1996]). Defendant's objections in 2003 are untimely and will not affect a judgment signed almost three years earlier.

Defendant contends that his obligations on the mortgage and medical bills were discharged in bankruptcy. Discharge in bankruptcy is an affirmative defense that is waived if not raised in the answer or a preanswer motion (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]). Defendant waived this defense by defaulting and failing to move to vacate the default (*see Apex Two v Terwilliger*, 211 AD2d 856, 857-858 [1995]; *Surlak v Surlak*, 95 AD2d 371, 383 [1983], *appeal dismissed* 61 NY2d 906 [1984]), and could not attempt to first assert it at the inquest as allegedly affecting merely the measure of damages.

Defendant further argues that he should have received a credit towards child support payments for the money he paid

plaintiff under the oral consulting agreement which was never reduced to writing. Because the statute of frauds and payment, like bankruptcy, are affirmative defenses that are waived if not raised in the answer or a preanswer motion (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]), defendant similarly waived these defenses (*see Apex Two v Terwilliger, supra* at 857-858; *Surlak v Surlak, supra* at 383). In any event, although Supreme Court deemed the oral consulting agreement unenforceable, defendant voluntarily made payments under that agreement when he apparently believed it was enforceable, and he never counterclaimed for return of those payments. Accordingly, those payments were properly credited toward the consulting agreement and should not now be credited toward child support.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.